Gaston, J,
 

 It is no doubt a principle of law, as it is of morals, that one should so use his own as not to injure his neighbor, and this rule requires, that even in the legitimate enjoyment of property, such care shall.be used as not to render it likely to impair their enjoyment of property by others. But no man, unless he has engaged to become insurer, or the very nature of his undertaking makes him an. insurer, against unavoidable accidents, is responsible for damage sustained against his will and without his fault. We think, therefore, that the instruction asked for by the ¡counsel for the defendant, was abstractedly correct, viz. that the company are not liable for an injury like that .complained of, if they use all the care to prevent it,
 
 *141
 
 which the nature of their business allows; but we also think, that as no evidence was offered to shew what care they did use in the case under consideration, there was no foundation laid for asking the instruction. We admit that the gravamen of the plaintiff is damage caused by the negligence of the defendants. But we hold, that when he shews damage, resulting from t:heir act, which act with the exertion of proper care, does not ordinarily produce damage, he makes out a
 
 prima facie
 
 case of negligence, which cannot be repelled but by proof of care or of some extraordinary accident, which renders care useless. Although, therefore, we do not sanction the doctrine, which was laid down as the rule of law in the Court below, we do not feel ourselves authorized to reverse the judgment as that doctrine could not have had the effect to mislead the Jury.
 

 Per Curiam, Judgment affirmed.