## JOHN BALDWIN v. NOAH W. SMITHERMAN.

(Filed 24 May, 1916.)

### Negligence—Automobiles—Res Ipsa Loquitur—Direct Testimony.

> In an action to recover damages of the defendant for negligence in running his automobile, resulting in breaking the leg of plaintiff's mule, there was evidence for plaintiff that the automobile was not properly equipped with brakes, and that it struck the mule, which was standing quietly on the side of the road in safety, causing the animal to suddenly back and receive the injury complained of. Evidence for defendant tended to show that the machine was moving under perfect control at the rate of 6 to 7 miles an hour; that plaintiff was on the mule near the middle of the road, and gave him a jerk and he backed into the machine, causing the injury; that the machine was properly equipped with brakes, etc. There was verdict for defendant, under a proper charge upon the issues, and a judgment thereon was proper. The doctrine of *res ipsa loquitur* does not apply, the testimony having been given by witnesses to the fact.

ACTION tried before *Lane, J.,* and a jury, at September Term, 1915, of MONTGOMERY.

The action was to recover damages for breaking the leg of plaintiff's mule by alleged negligence of defendant in operating an automobile.

On denial of liability and on the issue as to negligence there was verdict for defendant. Judgment on the verdict for defendant, and plaintiff excepted and appealed.

*Dockery & Wildes for plaintiff.*
*W. A. Cochran for defendant.*

PER CURIAM. The evidence on the part of plaintiff tended to show that, in October, 1914, while plaintiff was riding his mule along the public road running from Troy to Biscoe, he was negligently run into by defendant operating an automobile, and that the mule's leg was broken so that it had to be killed. There was also evidence to show that the machine of defendant was without any or without proper brakes, and on this account defendant was unable to control his car, and this was one of the reasons for the occurrence.

The evidence of the defendant tended to show that, on the occasion in question, defendant was running an automobile along the road at 6 to 7 miles an hour; that plaintiff was on his mule at or near the middle of the road, the animal giving no indication of fright, and, as defendant was in the act of passing plaintiff and his mule, plaintiff gave him a jerk, and for this or some other reason the animal suddenly commenced backing towards the machine and backed directly against it, causing the collision and consequent injury; that the machine was well equipped with brakes, etc., and was under perfect control at the time, and defendant made every effort to avoid hurting the mule, but was unable to prevent it by reason of the unexpected movement back towards defendant's machine.

Under a correct and adequate charge, the jury have accepted the account presented by defendant's evidence, and, this being true, it is clear that no recovery is permissible.

The question of *res ipsa loquitur,* which plaintiff desires to have considered, is hardly available on the record, for all the conditions attendant on the occurrence were fully observed and testified to by the witnesses, and the case was properly made to depend upon whether the account of the occurrence given by plaintiff or by defendant's witnesses should prevail.

There is no error, and the judgment for defendant must be affirmed.

No error.