12809

GOVERNOR, ADM'X, v. ATL. COAST LINE R. CO. ET AL.

(151 S. E., 229)

*Messrs. Hagood, Rivers & Young,* and *Hyde, Mann & Figg,* for appellants,

*Messrs. Waring & Brockinton,* for respondent,

January 15, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

An action for damages for wrongful death. The complaint alleges that plaintiff's intestate, Silas Governor, while in the employ of the defendant railroad company, was killed by falling from a scaffold on which he was standing at work; that his death was due to the concurrent negligence and wantonness of the defendants, in failing to furnish him a reasonably safe place in which to work, to adopt proper methods for the performance of the work, to instruct him how to do his work with safety, to warn him of the danger of the place of work, to furnish him with proper tools and appliances, and to provide safety devices for his protection. Damages were asked in the sum of $25,000.

The defendants entered a general denial and pleaded assumption of risk and contributory negligence.

It is admitted that at the time of his death plaintiff's intestate and the defendants were engaged in interstate commerce and that the action is governed by the Federal Employers' Liability Act (45 U.S.C.A., §§ 51-59).

During the progress of the trial, the defendants made motions for a nonsuit and for a directed verdict, both of which were refused. The jury rendered a verdict in plaintiff's fa-

vor for $8,833.33. A motion for a new trial was made and overruled. From the judgment entered on the verdict the defendants appealed to this Court.

We think that the motion for a nonsuit should have been granted on the ground that no actionable negligence was proved. On the day of the accident Governor was set to work by the railroad company to assist in building a bridge. His job was what is known as "bucking rivets," and for that purpose he used a specially prepared piece of iron known as a "dolly bar," weighing about 25 or 30 pounds. He was working on a scaffold some 18 or 20 feet from the ground constructed as follows: By means of ropes attached near their ends, the timbers, 4 by 6 inches and about 16 feet long, known as needle beams, were suspended, in a horizontal position and parallel to each other, from the framework overhead; and two boards, each 10 to 12 inches wide, were then laid across the needle beams, reaching from one to the other and forming a floor or platform about 22 inches wide. When it became necessary for the laborers, in the progress of the work, to move this platform, they stepped off the floor onto the needle beams and pushed the cross-boards or floor into the desired position. On the day in question, Governor and one Addison, who was the riveter, having finished riveting at the point where they were working and being ready to move, Governor held the "dolly bar" up in his left hand and told a man working above him to take it. When Governor was next seen by any of the witnesses, he had fallen from the scaffold. He received fatal injuries in the fall, dying shortly after striking the ground. None of the witnesses saw the fall and none of them could explain how it happened. While it is possible for a scaffold of this kind, being suspended by ropes, to swing back and forth to some extent and so, under certain circumstances, to contribute to the fall of one working on it, there is no evidence that such was the case here; in fact, one of the plaintiff's witnesses testified positively that the scaffold was not swinging at the time of

the accident. While the testimony does not show how the fall occurred, it seems fairly inferable that when Governor held up the "dolly bar" to the man above him he accidentally lost his balance and fell. At any rate, no causal connection is shown between the scaffold as an unsafe place to work and the fall from it of plaintiff's intestate.

The judgment of the Circuit Court is reversed, and the case remanded to that Court with instructions that a non-suit be entered for the defendants under Rule 27 of this Court.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE, and CARTER concur.