13170

WESTON v. HILLYER

(159 S. E., 390)

October, 1930.

*Mr. M. A. McLaughlin, Jr.,* for appellant,

*Messrs. Huger, Wilbur, Miller & Mouzon,* for respondent,

June 9, 1931.

.The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Appellant was employed by respondent, a contractor who was engaged in doing concrete work on Cooper River bridge; the special work in which plaintiff was engaged was that of picking chips out of the concrete before it was poured into the receptacles provided for it along the side of the bridge where a walkway was to be constructed. Suspended along the handrails, and attached thereto by wire at both ends, were steel bars about thirty feet long and about six inches wide, which were to be let into place in the concrete when ready. They were about four feet above the place where the walkway was to be, and were strung all along the length of the bridge. One of these bars, suspended above the place where appellant was at work, fell upon him, and injured his leg. This action is brought to recover damages for such injury. The allegations of negligence upon which the action is predicated are: (a) Failing and omitting to provide plaintiff with a reasonably safe place to work; (b) failing and omitting to keep a proper lookout; (c) failing and omitting to properly inspect and supervise the work plaintiff was commanded to do; (d) failing and omitting to adopt a proper method for carrying out the work plaintiff was commanded to do; (e) failing and omitting to properly supervise as the work proceeded; (f) requiring and commanding plaintiff to work in a position which the defendant knew, or by the exercise of reasonable diligence could have known, was an unsafe place; (g) permitting said piece of steel to be sustained above the plaintiff by a support which defendant knew, or should have known, was inadequate.

The case came to trial before Judge Johnson and a jury at October, 1930, term of Court for Charleston County. At

the conclusion of the testimony for the plaintiff, counsel for the defendant made a motion for nonsuit on the grounds that: The plaintiff had failed to establish any relationship between the defendant, Hillyer, and the steel rail which caused the injury, and that he had failed to establish any act of negligence whatsoever on the part of the defendant, Hillyer, and that he had failed to account in any particular for the cause of the rail falling, and has therefore failed to establish any negligence on the part of the defendant Hillyer.

The motion was granted, principally upon the authority of the case of *Watson v. Stevedoring Co.,* 141 S. C., 355, 139 S. E., 778, and the cases cited in support of that decision.

Plaintiff appeals upon three exceptions, but counsel for appellant and respondent agree, in argument, that: "The only question involved is whether his Honor, the presiding Judge, erred in ruling as matter of law that the defendant was entitled to a nonsuit on the ground that there was no evidence to go to the jury on the question of defendant's negligence."

The complaint sets forth with particularity the acts of negligence charged against defendant. The cardinal question presented to the trial Judge, and which is now before this Court for review, is this: Is there any evidence tending to sustain any of the charged acts of negligence?

Appellant's counsel, in his more than usually able argument, plants himself squarely upon the position that defendant, the employer, failed and neglected to provide plaintiff, the employee, with a reasonably safe place to work, and contends that there was sufficient evidence on this question to take the case to the jury.

He contends that there is a difference in principle between the *Watson case, supra,* mainly relied on by the Circuit Judge, and the line of cases in consonance with it, and the case of *Grainger v. Greenville S. & A. Ry. Co.,* 101 S. C., 73, 85 S. E., 231, and the cases which follow the rule there laid down.

We think there is, in principle, no conflict between the two lines of cases. Counsel seems to think that the cases upon which he relies are decided upon the maxim *res ipsa loquitur*. We do not think so.

The following suggestion for the application of that doctrine appeals to us as correct: "That doctrine may be invoked in the case of an unexplained accident which according to the common experience .of mankind, would not have happened without fault on the part of the defendant. * . * * It does not avail where the cause of the injury is just as ·likely to be the fault of another. *The mere fact of injury does not show negligence. The burden of proof resting upon the plaintiff to establish that fact must be sustained by evidence either direct or inferential."* (Italics added.) *Ash v. Childs Dining Hall,* 231 Mass., 86, 120 N. E., 396, 397, 4 A. L. R., 1556.

Numerous cases from other jurisdictions are cited in support of the above-quoted rule. The opinions of our own Court are in accord with this rule. In the *Grainger case, supra,* the syllabus states this: "Where there is testimony to the effect, that there was a failure on the part of the master, to provide a safe place for the servant to work, it makes out a *prima facie* case of negligence against the master."

That is not a recognition and application of the doctrine *res ipsa loquitur,* because it requires that there must be proof of the failure to provide a safe place before the rule applies. In that case there was evidence that the injured person was put to work digging under an overhanging bank of earth which was likely to fall upon the workmen. The overseer of the work was present, and, although his attention was called to the danger of the place, merely said that he was obeying orders.

In *Bunch et al. v. American Cigar Co.,* 126 S. C., 324, 119 S. E., 828, also relied upon by appellant, there was proof of the dangerous nature of the place provided for the employee to work; the reliance to take the case to the jury was.

not upon mere proof of the accident. There was evidence that the day was dark and cloudy; that there was no light at the door leading to the staircase and none on the staircase. There was a splotch of oil upon the floor into which plaintiff stepped and some of it stuck to her shoe. On the staircase she slipped and fell, which occurrence was due to the oil on her shoe.

Here was other proof than that of the accident to take the case to the jury. The Court said these facts "bring the case within the rule so often declared by this Court that *if an injury is shown* (italics added) to have resulted from an unsafe place to work a *prima facie* case is made out against the master, and the burden of exculpating himself is cast upon him."

This is not an application of the doctrine *res ipsa loquitur*.

In the case of *Bailey v. Union-Buffalo Mills*, 151 S. C., 83, 148 S. E., 703, cited and relied on by appellant, there was proof of a defect in the floor, and proof that the ladder which plaintiff was pushing ran upon this defect and caused the injury of which plaintiff complained. Certainly here was no support for the doctrine that proof that an accident has occurred is *prima facie* evidence of the negligence. We can find no authority in this state which holds that the rule *res ipsa loquitur* obtains in this State. There is abundant authority to the contrary.

"Evidence that, while plaintiff was filling a cotton waste press and leveling the top of the waste with his hand, the plunger, which was operated by compressed air, fell on his arm, and that the fall had never occurred before, held insufficient for submission to the jury of the question of employer's negligence in failing to instruct employee or in failing to furnish a safe place or an implement with which to level the waste." Taken from syllabus to *Holmes v. Davis, Dir. Gen.*, 126 S. C., 231, 119 S. E., 249.

The order of nonsuit from which this appeal is taken was based largely upon the opinion of this Court declared in

*Watson v. Charleston Stevedoring Co.,* 141 S. C., 355, 139 S. E., 778, and the cases there cited. The syllabus sufficiently states the ground for the decision: "In action against Stevedoring Company for death of hatch tender caused by breaking of rope or guy line attached to swinging boom, failure of plaintiff to produce any evidence of negligence excepting the mere fact of breaking of rope entitled defendant to directed verdict." As matter of fact, there was an order of nonsuit, and not a directed verdict, in that case.

In *Governor v. A. C. L. Ry. Co.,* 154 S. C., 113, 151 S. E., 229, the action was brought to recover damages for the death of Silas Governor, an employee of the defendant, whose death was caused by a fall from a scaffold. During the progress of the trial, motions were made by defendant for nonsuit and directed verdict, both of which were refused. On appeal, this Court said: "We think that the motion for a nonsuit should have been granted on the ground that no actionable negligence was proved. * * * On the day in question, Governor and one Addison, who was the riveter, having finished riveting at the point where they were working and being ready to move, Governor held the 'dolly bar' up in his left hand and told a man working above him to take it. When Governor was next seen by any of the witnesses, he had fallen from the scaffold. He received fatal injuries in the fall, dying shortly after striking the ground. None of the witnesses saw the fall and none of them could explain how it happened. While it is possible for a scaffold of this kind, being suspended by ropes, to swing back and forth to some extent and so, under certain circumstances, to contribute to the fall of one working on it, there is no evidence that such was the case here; in fact, one of the plaintiff's witnesses testified positively that the scaffold was not swinging at the time of the accident. While the testimony does not show how the fall occurred, it seems fairly inferable that when Governor held up the 'dolly bar' to the man above him he accidentally lost his balance and fell. At any rate, no causal

connection is shown between the scaffold as an unsafe place to work and the fall from it of plaintiff's intestate."

In the case at bar there is an utter lack of evidence of any negligence on the part of defendant in providing a reasonably safe place to work. In his argument appellant's counsel says: "The defect was proved in the instant case by the fall of the rail, which has an inherent part of the place of work, and the injury resulted solely and proximately therefrom."

That is begging the question, and is not sound argument, as is shown by the authorities hereinabove cited. There is not a particle of proof that the weight of the bar of steel was too great for the strength of the wires upon which it was suspended; there was no proof that the wires broke, or that they slipped; there was proof that there were hundreds of other bars of like size and weight so suspended, and that this was the only one that fell. It is possible that other laborers may have leaned or sat upon the beam, and brought about its fall. It is possible that work being done elsewhere on the bridge might have jarred the beam and loosened the wires which held it and caused it to slip and fall. There is no proof of what caused the fall; the whole thing is left to conjecture. And that matter may not be left to conjecture.

"The testimony of the plaintiff tended to show that she received injuries from the presence of a tack in a piece of blueberry pie which she was eating while a guest of the defendant in its restaurant. * * *

"There is nothing in the record from which it can be inferred that the harm to the plaintiff resulted directly from any failure of duty on the part of the defendant. The precise cause of her injury is left to conjecture. It may as reasonably be attributed to a condition for which no liability attaches to the defendant as to one for which it is responsible." *Flora Ash v. Childs Dining Hall Co.*, 231 Mass., 86, 120 N. E., 396, 4 A. L. R., 1556.

"Verdicts cannot rest upon guess or conjecture. It is the duty of the plaintiff to prove negligence affirmatively; and, while the inferences allowed by the rule or doctrine of *res ipsa loquitur* constitute such proof, it is only where the circumstances leave no room for a different presumption that the maxim applies. When it is shown that the accident might have happened as the result of one of two causes, the reason for the rule fails, and it cannot be invoked." *Klein v. Beeten,* 169 Wis., 385, 172 N. W.,.736, 738, 5 A. L. R., 1237.

"The cause of the accident is purely conjectural. * * * A servant cannot recover where it is merely a matter of conjecture, surmise, speculation, or supposition whether the injury was or was not due to the negligence of the master." *Green v. Ry. Co.,* 72 S. C., 398, 52 S. E., 45, 47, 5 Ann. Cas., 165. See, also, *Shiver v. A. C. L. Ry. Co.,* 155 S. C., 531, 152 S. E., 717.

It is unnecessary to prolong the argument or to multiply authorities. The order of nonsuit granted by the trial Judge is in strict accord with the rule long established in this State.

Appeal dismissed. Judgment affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.