This is an action to recover damages for personal injuries suffered by the plaintiff, while she was at work on 1 June, 1927, as an employee of the defendant in its cotton mill, at Belmont, N.C.
It is alleged in the complaint, that on or about 1 June, 1927, while the plaintiff, who was then about 16 years of age, was sitting, temporarily for the purpose of resting from her work, in a window in defendant's cotton mill, where she was employed by the defendant as a spinner, the lower transom of the window, which had been raised for purposes of ventilation, fell and struck her on the head, thereby causing injuries, by reason of which she has sustained damages in a large sum, to wit: $20,000.
It is further alleged in the complaint that the transom, which had been raised by one of the employees of the defendant, who had charge of the room in which plaintiff was at work, for purposes of ventilation, fell because it had not been properly fastened by means of the chain which had been provided by the defendant for that purpose, and that defendant's negligence in failing to exercise due care to have the transom, *Page 554 
when raised, properly fastened by means of the chain or otherwise, was the proximate cause of the injuries suffered by the plaintiff, and of the damages which she sustained as the result of such injuries.
These allegations are denied in defendant's answer.
The defendant further alleges in its answer that the transom fell because after it had been raised by one of its employees for purposes of ventilation, and after it had been left in such a position as that it would not fall, it was moved from such position by a fellow-servant of the plaintiff, for his own purposes, and that the act of such fellow-servant, was the sole proximate cause of such injuries as the plaintiff suffered, when the transom fell and struck her on the head. The defendant further alleges in its answer, that if the plaintiff was injured by its negligence as alleged in the complaint, she contributed to her injuries by her own negligence.
At the trial of the action, evidence was offered by both the plaintiff and the defendant.
The issues submitted to the jury were answered as follows:
"1. Was the plaintiff, Grace Armstrong, injured by the negligence of the defendant, Acme Spinning Company, as alleged in the complaint? Answer: Yes.
2. Did the plaintiff, by her own negligence, contribute to her injuries, as alleged in the answer? Answer: No.
3. What damage, if any, is plaintiff entitled to recover of the defendant? Answer: $3,200."
From judgment that plaintiff recover of the defendant the sum of $3,200, and the costs of the action, the defendant appealed to the Supreme Court.
The evidence offered by the plaintiff at the trial of this action shows that when the plaintiff left the spinning frames in the defendant's cotton mill, where she had been at work, and went out of the mill, and sat down in the window to rest, on the outside of the mill, the transom in said window, which had been raised, and which later fell and struck her on the head, was in such position as that it would not ordinarily fall. The bottom of the transom had been pushed outward and upward; the top, inward and downward. It had been left in this position by the employee of defendant who had raised it for purposes of ventilation. When left in this position, it was not necessary to fasten the transom with the chain, which was attached to its top. All the evidence *Page 555 
shows that when left in this position, there was no probability that the transom would fall. When the plaintiff sat down in the window, on the outside of the mill, the bottom of the transom was over her head, and the top was down on the inside of the mill. The transom did not fall until after the plaintiff had sat in the window for some time engaged in conversation with a companion.
While the plaintiff and her companion were sitting in the window, Herman Bush, an employee of the defendant, and a fellow-servant of the plaintiff, left his work in the mill, and went to the window in which the plaintiff was sitting. He talked to the plaintiff and her companion, through the window, for about five minutes. He was on the inside, and the plaintiff and her companion on the outside of the mill. The transom was between them. Immediately after Herman Bush left the window and returned to his work in the mill, the transom fell and struck the plaintiff on the head. The plaintiff testified that she did not see Herman Bush while he was talking to her and her companion, through the window, but that he had been talking to them just before the transom fell. She did not know what caused the transom to fall.
The evidence offered by the defendant shows that when Herman Bush left his work in the mill and went to the window in which the plaintiff and her companion were sitting, he found that the position in which the transom had been left interfered with his conversation with them, and that for that reason he moved the transom, and that his act in moving the transom from the position in which it had been left by defendant's employee, who had raised it for purposes of ventilation, was the cause of plaintiff's injuries. Viola Duncan who was sitting in the window with the plaintiff, at the time she was injured, testified that Herman Bush took hold of the transom, and moved it, so that he could talk through the window to her and the plaintiff, and that the transom fell when he left the window to return to his work. Herman Bush testified that when he walked to the window, he found that he could not talk to the plaintiff and her companion, because of the position of the transom, and that for this reason he moved the transom so that it was level, instead of slanting. When he turned the transom loose, it dropped and hit the plaintiff on the head.
At the close of all the evidence, the defendant renewed its motion for judgment as of nonsuit, first made at the close of the plaintiff's evidence. This motion was denied, and defendant excepted. The assignment of error based on this exception must be sustained. There was no evidence tending to show that the plaintiff was injured by the negligence of the defendant as alleged in the complaint. The principle of res ipsa loquitur
is not applicable in this case, and does not aid the plaintiff, whose evidence *Page 556 
was not sufficient to establish facts from which inferences could be drawn by the jury in support of the allegations of the complaint. All the evidence shows that the plaintiff was injured by the act of a fellow-servant, and not by the negligence of the defendant. For this reason, the action should be dismissed. See Springs v. Doll, 197 N.C. 240,148 S.E. 251; Saunders v. R. R., 185 N.C. 289, 117 S.E. 4. The judgment must be
Reversed.