GUY E. WALLER v. L. M. HIPP AND THE QUAKER STATE OIL REFINING COMPANY. INC.

(Filed 10 April, 1935.)

**1. Automobiles D b—**

A person riding in an automobile upon the invitation of the driver and the driver's employer, who is injured by the negligence of the driver in the performance of his duties, may recover of both the driver and the employer.

**2. Master and Servant D b—**

An employer is liable for negligence of the employee causing injury to a third person when the employee is acting within the scope of his employment and about his employer's business.

**3. Automobiles C c: C h—Evidence that skidding was caused by worn-out tires and excessive speed under the circumstances held sufficient for jury.**

Evidence that the car in which plaintiff was riding as a guest skidded on the wet paved highway and that the driver explained the skidding was caused by worn-out tires, and that, upon plaintiff's suggestion, the driver slowed his speed to 35 or 37 miles per hour, and that thereafter at this speed the car skidded again, resulting in the injury in suit *is held* sufficient to be submitted to the jury on the question of negligence, there being evidence from which the jury could find that the skidding was caused by driving the car with worn tires at a speed, which although not ordinarily unlawful, was unlawful under all the circumstances shown by the evidence. C. S., 2621 (45).

**4. Automobiles C f: Negligence A b—**

Whether the conduct of the driver of an automobile in turning the steering wheel from one side to the other in an attempt to obtain control of the car after it had skidded on the highway was that of a prudent man *held* a question for the jury and not for the court.

**5. Appeal and Error J a—**

The refusal of the trial court to set aside the verdict on the ground that excessive damages were awarded is not reviewable.

APPEAL by defendants from *Devin, J.,* at October Term, 1934, of NASH. No error.

This is an action to recover of the defendants damages for personal injuries suffered by the plaintiff, and caused, as alleged in the complaint, by the negligence of the defendant L. M. Hipp, an employee of the defendant the Quaker State Oil Refining Company, Inc., while he was driving an automobile which was owned by the defendant the Quaker State Oil Refining Company, Inc., in the performance of his duties as its employee, and in which the plaintiff was riding as a passenger.

In their answer the defendants admit that the plaintiff was injured as alleged in the complaint, and that at the time he was injured he was riding as a passenger in an automobile owned by the defendant the Quaker State Oil Refining Company, Inc., and driven by its employee, the defendant L. M. Hipp, in the performance of his duties. They deny that plaintiff's injuries were caused by the negligence of the defendant L. M. Hipp, as alleged in the complaint.

At the trial evidence was introduced by the plaintiff; no evidence was offered by the defendants or by either of them.

The issues submitted to the jury were answered as follows:

"1. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint? Answer: 'Yes.'

"2. What damages, if any, is the plaintiff entitled to recover of the defendants? Answer: '$12,500.'"

From judgment that plaintiff recover of the defendants the sum of $12,500, with interest and costs, the defendants appealed to the Supreme Court, assigning as error (1) the refusal of the court to allow their motion for judgment as of nonsuit; (2) an instruction of the court to the jury, in its charge; and (3) the refusal of the court to allow defendants' motion to set aside the verdict on the ground that the damages assessed by the jury are excessive.

*Cooley & Bone and Alexander & Gold for plaintiff.*
*Burgess, Baker & Allen for defendants.*

CONNOR, J. In view of the admissions in the pleadings in this action, the only question involved in the first issue submitted to the jury was whether the plaintiff's injuries were caused by the negligence of the defendant L. M. Hipp, as alleged in the answer.

It is alleged in the complaint, and admitted in the answer, that at the time the plaintiff was injured he was riding in an automobile which was owned by the defendant the Quaker State Oil Refining Company, Inc., and driven by the defendant L. M. Hipp in the performance of his duties as its employee; and that the plaintiff was riding in the automo-

bile upon the invitation of the defendants, and for the purpose of aiding the defendant L. M. Hipp in the performance of his duties as an employee of the defendant the Quaker State Oil Refining Company, Inc.

On these admissions in their answer, both the defendants are liable to the plaintiff for the damages which he sustained as the result of his injuries, if his injuries were caused by the negligence of the defendant L. M. Hipp, as alleged in the complaint. It is elementary law that the employer is responsible for the negligence of his employee which results in injury to a third person, when the employee is acting within the scope of his employment, and about his employer's business. See *Martin v. Bus Line,* 197 N. C., 720, 150 S. E., 501.

The evidence at the trial tended to show that as the plaintiff and the defendant L. M. Hipp were riding in the automobile, on a State highway between the town of Fountain and the town of Farmville, at a speed of 35 to 37 miles an hour, the automobile side-slipped or skidded, and that the defendant L. M. Hipp, the driver, attempted to control the automobile by turning the steering wheel from his right to his left, and *vice versa,* with the result that the automobile "zig-zagged" across the highway until it went off the highway and down an embankment, with the result that both the plaintiff and the defendant L. .M. Hipp were injured. The evidence tended to show further that the highway was wet and slippery, and that the tires on the automobile were worn and slick. The plaintiff testified as follows:

"The road between Pinetops and Farmville is of material commonly used in highway construction, and is paved. The road was damp, due to the mist which had fallen during the day on it. We had trouble between Fountain and Farmville. A few miles out of Fountain, the automobile side-slipped. We had been driving at a speed of 40 to 42 miles per hour. I said: 'Mr. Hipp, why does this car side-slip when we are running no faster than we are?' He replied, 'The tires are worn out.' I said, 'Why don't you put on new tires?' He said, 'I intended to do so, but the district manager of the company told me to keep down expenses.' He said he was going to slip new tires on the automobile, one at a time. I told him that he had better slow down. He did so. We were running at a speed of 35 to 37 miles per hour when the automobile side-slipped and skidded. Mr. Hipp was not able to right the automobile with the steering wheel."

There was no evidence which tended to show that the plaintiff knew that the tires on the automobile were worn and slick until his conversation with the defendant L. M. Hipp, almost immediately before the accident.

The evidence in this case was properly submitted to the jury as tending to show that the plaintiff was injured by the negligence of the de-

fendant L. M. Hipp. The mere fact that the automobile side-slipped or skidded was not in itself evidence of its negligent operation by the defendant. *Springs v. Doll,* 197 N. C., 240, 148 S. E., 251. But in this case, as in *Butner v. Whitlow,* 201 N. C., 749, 161 S. E., 389, there was evidence from which the jury could find that the skidding of the automobile was the result of the negligence of the defendant in driving an automobile with tires which he knew were worn out and slick, on a highway which was wet and slippery, at a rate of speed which, although not ordinarily unlawful, was unlawful under all the circumstances shown by the evidence. C. S., 2621 (45).

There was no error in the refusal of the court to give the special instruction as prayed by the defendants. Whether or not the conduct of the defendant L. M. Hipp, after the automobile had skidded on the highway, in attempting to control it, was that of a prudent man was for the jury and not for the court to determine. The instruction, as properly modified by the court, was given in the charge to the jury. *Newman v. Queen City Coach Company,* 205 N. C., 26, 169 S. E., 808. There was nothing in the charge to the jury of which the defendants can justly complain. It was full and correct.

The refusal of the court to set aside the verdict on the ground that the damages assessed by the jury are excessive is not reviewable by this Court. *Lane v. R. R.,* 192 N. C., 287, 134 S. E., 855. The evidence with respect to the plaintiff's injuries, and his resultant damages, was sufficient to justify the answer to the second issue.

The assignments of error on this appeal cannot be sustained. The judgment is affirmed.

No error.