ISABEL G. WRIGHT v. LYDIA J. PETTUS.

(Filed 18 March, 1936.)

**1. States A c—**

An action instituted in the courts of this State, involving an automobile accident occurring in another state, is governed by the laws of such other state.

**2. Automobiles C j—**

The liability of a driver to a gratuitous guest for injuries sustained in an accident occurring in the State of Virginia must be determined in accordance with the laws of the State of Virginia, which deny liability except in case of wanton or culpable negligence.

**3. Negligence E a—**

Culpable negligence is such recklessness or carelessness proximately resulting in injury or death, as imports a thoughtless disregard of consequences, or a heedless indifference to the safety and rights of others.

**4. Automobiles C j—Evidence held insufficient to establish wanton or culpable negligence of driver of car.**

The evidence disclosed that defendant, the owner and driver of an automobile in which plaintiff was riding as a gratuitous passenger, attempted to pass two trucks going in the same direction upon the highway, that after the defendant had passed the first truck she saw a horse-drawn wagon approaching from the opposite direction, and that in the emergency, there being only thirty feet between the trucks, she attempted to pass the second truck before meeting the wagon by increasing her speed, that she passed the second truck without accident and swerved back to the right of the highway, but that the car then swerved back to the left and ran off the highway, resulting in the injuries in suit. *Held:* The evidence showed that defendant exercised her best judgment in the situation suddenly confronting her not only for the safety of plaintiff but for her own safety, and the accident having occurred in the State of Virginia and plaintiff's action being governed by the laws of that state denying recovery by a gratuitous passenger in the absence of wanton or culpable negligence, defendant's motion to nonsuit should have been allowed.

CLARKSON, J., dissents.

APPEAL by defendant from *Oglesby, J.,* at August Term, 1935, of BUNCOMBE. Reversed.

This is an action to recover damages for personal injuries suffered by the plaintiff when an automobile in which she was riding, and which was owned and driven by the defendant, left the highway and collided with a tree which was off the highway. The collision occurred in the State of Virginia.

In her complaint the plaintiff alleges that the collision and her resulting injuries were caused by the wanton or culpable negligence of the defendant in undertaking to pass a truck which was traveling on the

highway in the same direction as the automobile. This allegation is denied in the answer of the defendant. She alleges that the collision was the result of an accident which she could not have foreseen or prevented.

The issues submitted to the jury were answered as follows:

"1. Was the plaintiff injured by the wanton or culpable negligence of the defendant, as alleged in the complaint? Answer: 'Yes.'

"2. If so, what damages, if any, is the plaintiff entitled to recover of the defendant? Answer: '$8,000.' "

From judgment that plaintiff recover of the defendant the sum of $8,000, and the costs of the action, the defendant appealed to the Supreme Court, assigning as error the refusal of the trial court to allow her motion for judgment as of nonsuit at the close of the evidence.

*Zeb V. Curtis, P. C. Cocke, Sr., and P. C. Cocke, Jr., for plaintiff.*
*Smathers, Martin & McCoy for defendant.*

CONNOR, J. At the trial the evidence for the plaintiff tended to show the following facts:

On 21 November, 1934, the plaintiff and the defendant left the home of the defendant in the city of Asheville, N. C., where the plaintiff had been for some time the guest of the defendant, in defendant's automobile, intending to drive to New York City, where both plaintiff and defendant hoped to secure employment. They were and had been for several years close and intimate friends. They had lived and worked together in New York City, where the plaintiff resided, and had taken trips together frequently in defendant's automobile. On these trips the automobile was driven sometimes by the plaintiff and sometimes by the defendant. Both plaintiff and defendant were competent drivers of an automobile.

At about 1:30 p.m., on 22 November, 1934, as they were traveling in defendant's automobile on a highway in the State of Virginia, they overtook two trucks which were traveling on the highway in the same direction as the automobile. The defendant, who was driving the automobile, turned to her left, and passed the first truck in safety. As they were passing the first truck, and before they had overtaken the second truck, they observed a wagon drawn by a pair of horses, approaching them from the opposite direction. At this time the wagon was at least 100 feet ahead of them. The distance between the two trucks was about 30 feet. In this situation the plaintiff said to the defendant: "You cannot make it." The defendant replied: "Yes, I can," and "stepped on the gas," thus causing the automobile to leave the paved surface of the highway and run a short distance on the shoulder. The defendant

turned the automobile to her right, drove across the highway and passed the second truck in safety. As the automobile passed from the left to the right 'of the highway, to avoid meeting the oncoming wagon and horses, it swerved from right to left, and ran off the highway and collided with a tree which was standing about 20 feet from the right edge of the highway. As the result of the collision, the plaintiff was thrown from the automobile, and thereby suffered serious and permanent personal injuries, on account of which she has sustained damages.

By her assignment of error on her appeal to this Court, the defendant presents her contention that there was no evidence at the trial of this action tending to show that the plaintiff's injuries, as shown by the evidence, were caused by the wanton or culpable negligence of the defendant as alleged in the complaint, and that for this reason there was error in the refusal of the trial court to allow her motion for judgment as of nonsuit at the close of the evidence for the plaintiff, no evidence having been offered by the defendant.

The cause of action on which the plaintiff seeks to recover in this action arose in the State of Virginia. It is admitted that at the time she was injured the plaintiff was riding in defendant's automobile as her gratuitous guest. The defendant's liability to the plaintiff in this action must be determined by the law of the State of Virginia, and not by the law of this State. *Wise v. Hollowell,* 205 N. C., 286, 171 S. E., 82. It is conceded that under the law of the State of Virginia the plaintiff is not entitled to recover of the defendant, unless her injuries were caused by the wanton or culpable negligence of the defendant. Culpable negligence has been defined by this Court as such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences, or a heedless indifference to the safety and rights of others. *S. v. Cope,* 204 N. C., 28, 167 S. E., 456.

In the instant case there was no evidence tending to show that defendant, at any time immediately before the plaintiff was injured, was heedless of plaintiff's safety or indifferent to her rights. On the contrary, all the evidence shows that in the situation which suddenly confronted her she exercised her best judgment as to the course she should pursue for the safety not only of the plaintiff but of herself. We are of opinion that there was error in the refusal of the trial court to allow defendant's motion for judgment as of nonsuit. For this reason, the judgment is

Reversed.

CLARKSON, J., dissents.