ANNIE DOVE WILSON v. A. F. PERKINS.

(Filed 6 January, 1937.)

**Negligence § 19c—Doctrine of res ipsa loquitur held inapplicable to evidence in this case.**

Plaintiff's evidence tended to show that she sent her new dress to the cleaners, that after it was cleaned she tried it on at the cleaning plant, and then put it away, that she got the dress out about a week later and wore it to a party, and that the next morning she discovered brown spots on the dress which completely ruined it. *Held:* In plaintiff's action against the cleaners for alleged negligence, the doctrine of *res ipsa loquitur* is not applicable, since more than one inference can be drawn from the facts established by the evidence as to the cause of the injury, and since proof of the occurrence leaves the matter resting only in conjecture.

APPEAL by the defendant from *Parker, J.,* at September Term, 1936, of CUMBERLAND. Reversed.

*No counsel for plaintiff, appellee.*
*Malcolm McQueen for defendant, appellant.*

SCHENCK, J. This was a civil action to recover damages in the sum of $35.00, alleged to have been negligently caused by the defendant to a hand-knitted boucle dress of the plaintiff.

The evidence tended to show that the plaintiff sent the dress to the defendant, who was engaged in the cleaning business, in Fayetteville, on 1 June, 1936, and the plaintiff testified: "The dress was in good condition and had never been worn. I went for the dress the next day to Mr. Perkins' place in Fayetteville. I first put the dress on in a back room in his place to see if it fitted me. It was dark back there and we came up to the front to a window and large mirror. With Mrs. Perkins I tried the dress on, fitted it, and Mrs. Perkins wrapped it; I paid a dollar and took the dress home. The first time I saw anything wrong with the dress was about a week later at my sister's house in Kinston, North Carolina, after wearing the dress to a party. The dress was wrapped in brown paper and I kept it in the chifforobe drawer. I would say it was about a week before I took the dress out to wear it to the party at my sister's; the next morning I noticed the dress had brown-looking spots on it in front and in the back. . . . It was ruined. I don't know, it was three or four weeks before I next saw Mr. Perkins about it, after I came home from Kinston."

The issues submitted to and answers made by the jury were as follows:

---

WILSON *v.* PERKINS.

---

"1. Was the plaintiff's dress damaged by the negligence of the defendant? Answer: 'Yes.'

"2. If so, what damage, if any, is the plaintiff entitled to recover? Answer: '$15.00.'"

From judgment based upon the verdict, the defendant appealed, assigning errors.

When the plaintiff had rested her case and at the close of all the evidence the defendant lodged and renewed a motion for judgment as in case of nonsuit. C. S., 567. His Honor denied the motion, announcing at the time that he held that the principle of *res ipsa loquitur* was applicable. His Honor also instructed the jury that this principle was applicable. The ruling of the court as to the applicability of the principle of *res ipsa loquitur* is the basis of exceptive assignments of error, which must be sustained.

In speaking to the subject of the principle of *res ipsa loquitur,* this Court said: "The principle does not apply: (1) When all the facts causing the accident are known and testified to by the witnesses at the trial, *Baldwin v. Smitherman,* 171 N. C., 772, 88 S. E., 854; *Orr v. Rumbough,* 172 N. C., 754, 90 S. E., 911; *Enloe v. R. R.,* 179 N. C., 83, 101 S. E., 556; (2) where more than one inference can be drawn from the evidence as to the cause of the injury, *Lamb v. Boyles,* 192 N. C., 542, 135 S. E., 464; (3) where the existence of negligent default is not the more reasonable probability, and where the proof of the occurrence, without more, leaves the matter resting only in conjecture, *Dail v. Taylor,* 151 N. C., 285, 66 S. E., 135; (4) where it appears that the accident was due to a cause beyond the control of the defendant, such as the act of God or the wrongful or tortious act of a stranger, *Heffter v. Northern States Power Co.,* 217 N. W., 102, 25 A. L. R., 713, note 2; (5) when the instrumentality causing the injury is not under the exclusive control or management of the defendant, *Saunders v. R. R.,* 185 N. C., 289, 117 S. E., 4; (6) where the injury results from accident as defined and contemplated by law." *Springs v. Doll,* 197 N. C., 240. We are of the opinion, and so hold, that the instant case falls within the instances where the principle of *res ipsa loquitur* does not apply numbered (2) and (3).

The motions for judgment as in case of nonsuit should have been allowed, and for that reason the judgment below is

Reversed.