## NORA CLODFELTER v. PHILLIP WELLS.

(Filed 2 February, 1938.)

**1. Automobiles § 22—**

An action by a guest to recover of the driver for injuries received in an accident is grounded on negligence, with the burden on the guest to affirmatively prove the allegations of the complaint.

**2. Automobiles §§ 17, 18g, 22—Res ipsa loquitur does not apply to skidding of automobile on highway.**

In this action by a guest in an automobile to recover for injuries received when the automobile in which she was riding zig-zagged on a straight highway, ran off the road and turned over, plaintiff's evidence disclosed that the highway was wet, that there was no traffic, but that the driver had not had adequate sleep the night before. The evidence showed, however, that at the time of the accident the driver was apparently alert, and told the occupants to keep steady and he would straighten the car out, and there was no evidence as to the speed of the car or of defect in the automobile or tires. *Held:* The evidence fails to support the allegations of the complaint that the driver failed to keep a proper lookout and was driving at an excessive speed in a reckless manner, and the doctrine of *res ipsa loquitur* not being applicable to the mere skidding of an automobile on the highway, plaintiff's evidence is insufficient to be submitted to the jury on the issue of the driver's negligence.

**3. Courts § 11—Matters of procedure, which include rules for submission of the evidence to the jury, are governed by lex fori.**

In an action instituted in this State to recover on a transitory cause of action arising in another state, the substantive laws of the state wherein the cause arose govern, but matters of procedure, which include methods of proof, production of evidence, as well as the rules for the submission of the evidence to the jury, are governed by the laws of this State.

**4. Automobiles § 19—Evidence held to show that plaintiff was not "guest without payment" within meaning of South Carolina statute.**

Evidence that members of a party riding in an automobile under an agreement with the driver that they should furnish the lunch and divide expenses of gasoline and oil, *held* sufficient to support plaintiff guest's

contention that they were not "guests without payment" within the meaning of a South Carolina statute requiring such guests to prove an accident was intentional or was caused by reckless disregard of rights of others in order to recover. S. C. Code, 5908.

5. **Negligence § 19c—**

Ordinarily, the doctrine of *res ipsa loquitur* does not apply when all the facts causing the injury are known and testified to by the witnesses, and the doctrine does not apply to the skidding of an automobile on the highway.

6. **Automobiles § 17—Evidence held to show that accident was caused by skidding.**

Skidding of an automobile is the slipping sideways of the wheels of the car, resulting in the inability of the driver to control the movement of the car, and plaintiff may not successfully contend that the accident was not caused by skidding when his own evidence discloses that the car zig-zagged across the highway on wet pavement and ran off the road into a ditch, especially when one of plaintiff's own witnesses testifies that the car seemed to be skidding.

CLARKSON, J., dissenting.

APPEAL by plaintiff from *Hill, Special Judge,* at September Term, 1937, of MECKLENBURG. Affirmed.

This was an action for damages for a personal injury alleged to have been caused by the defendant's negligent operation of an automobile in which plaintiff was a passenger.

The plaintiff alleged in her complaint that the defendant drove the automobile, in which she and others were riding, off the highway, in the State of South Carolina, and caused it to overturn in a ditch, resulting in her injury, and that this was due to the negligence of the defendant "in that while driving at an excessive rate of speed on a perfectly straight highway, in the daytime, and with no traffic or obstruction of any kind in front of him, he drove his car in such a reckless and negligent manner, without keeping a lookout to see that he kept it on the pavement, that said automobile ran off the hard-surface highway and turned completely over in the adjacent ditch."

The plaintiff further alleged that there was an agreement between the defendant and those riding in the automobile for the payment of the expenses of the trip.

The defendant denied all allegations of negligence.

The evidence offered by the plaintiff showed the material facts of the occurrence to be as follows:

One K. W. Selden testified that in March, 1935, he and plaintiff were employed by the Parks Cramer Company in Charlotte, North Carolina, and that he and his wife and the plaintiff desiring to go to Charleston, South Carolina, he made the following agreement with the defendant:

"I entered into an agreement with the defendant to carry my party down to Charleston and back. The agreement was that Mrs. Selden and I were to furnish the lunch; Mr. Wells was to furnish the automobile, and we would divide the expense—the gas and oil." The defendant's sister was also in the party. They left Charlotte about 4 a.m., and the defendant said he had been out the night before and had only been in bed an hour and a half. This witness further testified the accident occurred about three miles south of Camden, South Carolina, and he described what happened in the following language: "As we passed through Camden we had run into a little shower, and we ran out of the shower and hit the concrete road, which was wet. I was watching the road and the speedometer, and all of a sudden the car started that way, to my right. I was sitting in the front seat with the driver. The car went to my right, then it cut across to the left, then cut across to the right, and went off the highway and turned over. I don't know how many times it turned over, but I think it was one and a half times. We landed with the wheels in the air. The road was level and straight. My best recollection is that it was the standard width. . . . When the car cut to the left the second time, he (defendant) made the remark, 'Keep steady,' or 'Keep your seats, I'll straighten out in a few minutes,' or something similar to that; just the exact words, I don't remember."

The plaintiff Nora Clodfelter testified as to the accident as follows: "I am the plaintiff in this action. I was in the party that Mr. Selden has been describing. I was riding in the rear seat with Mrs. Selden and Miss Wells. Mr. Selden was sitting right in front of me, in the front seat, beside Mr. Wells, the driver. I did not observe anything happen before the car got off the road. We were just talking, as usual, and the car began swerving, and it was just an instant until we went off the road, and I do not know that anything happened just in that time."

Plaintiff further testified that they were going on a pleasure trip to Charleston to see the Magnolia Gardens and spend the day there.

Mrs. K. W. Selden testified she was riding in the back seat of the car, on the left, and plaintiff on the right, with Miss Hazel Wells between them. "It happened so quickly—the car, just all of a sudden, started going first to one side and then to the other, without any warning. It went to the right, then to the left, and then to the right, and turned over. The car did not get off the hard-surface until it turned over. . . . The car suddenly started going this way, zig-zagging first to the right and then to the left, and then to the right. Q. And it seemed to be skidding? A. Yes. And the roads were wet. . . . I did not notice that the driver of the car had any difficulty in controlling it on the way down to where the accident happened."

At the conclusion of plaintiff's evidence, defendant's motion for judgment of nonsuit was allowed, and plaintiff appealed.

*Cansler & Cansler for plaintiff.*
*Tillett, Tillett & Kennedy and H. B. Campbell for defendant.*

DEVIN, J.   The plaintiff's action is grounded on negligence, with the burden imposed upon her of affirmatively proving the allegations of her complaint.   It is apparent that she has failed to offer sufficient evidence to entitle her to have her case submitted to the jury, unless the fact of the accident itself affords some evidence of negligence, or is sufficient to require the submission of the case to the jury under the doctrine of *res ipsa loquitur.*

Neither of the allegations of negligence in the complaint was supported by any evidence.   There was no evidence of excessive speed (*York v. York, ante,* 695), nor even of the rate of speed, though plaintiff's witness, who was seated beside the driver, testified he was looking at the speedometer.   There was no evidence of failure to exercise due care in the operation of the car, or to keep a proper lookout.   There was no other traffic, the road was straight, of standard width, paved. There was no defect in the automobile or its tires.   It had rained at intervals and the road was wet.   All the facts of the occurrence and of the conduct of the defendant were testified to by the plaintiff and two other witnesses who were with her in the car at the time.   The suggestion that defendant had not had adequate sleep the previous night is met by plaintiff's evidence that he was apparently alert at the time of the accident and said before the car ran off the road, "Keep steady, I'll straighten out."

The accident occurred in the State of South Carolina, and therefore the question of defendant's liability for negligence must be determined by the law of that State.   *Wise v. Hollowell,* 205 N. C., 286, 171 S. E., 82.   It is elementary that matters of substantive law are controlled by the law of the place—the *lex loci*—but that matters of procedure are governed by the law of the forum—the *lex fori.*   Wigmore on Evi., sec. 5.   Under this principle the methods by which the parties may prove the truth of their assertions, the production of evidence, as well as the rules for the submission of the evidence to the jury, are matters of procedure, and hence governed by the law of the forum.   5 R. C. L., sec. 136; 12 C. J., 485; 3 Beale Conflict of Laws, sec. 377.1 *et seq.*   So that whether the evidence offered was sufficient to require its submission to the jury under the doctrine of *res ipsa loquitur* was a matter to be determined in accordance with the law prevailing in this jurisdiction.   *Harrison v. R. R.,* 168 N. C., 382, 84 S. E., 519; 11 Am. Jur., sec. 203; 78 A. L. R., 883; 89 A. L. R., 1278.

The statute law of South Carolina relative to liability for injury to guests resulting from the operation of an automobile contains this

provision: "No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such automobile, its owner or operator, for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." South Carolina Code, sec. 5908.

The defendant calls attention to this statute and contends that in any event the burden was on the plaintiff to show, in respect to a gratuitous guest, that the injury complained of was intentionally inflicted or was the result of heedless or reckless disregard of the rights of others. *Wright v. Pettus,* 209 N. C., 732, 184 S. E., 494; *Wise v. Hollowell, supra.* But the plaintiff's evidence is susceptible of reasonable inferences favorable to her contention that there was a sufficiently definite agreement on the part of the defendant to transport Selden's party (including plaintiff) to Charleston and back for the consideration of furnishing the lunch and dividing the expense of gasoline and oil. The question of what constitutes a "guest without payment" for transportation in an automobile, within the meaning of the above quoted statute, does not seem to have been considered by the South Carolina Court. However, it is stated in *Fulghum v. Bleakley,* 177 S. C., 286, 181 S. E., 30, that the South Carolina statute is an exact copy of a statute in force in the State of Connecticut, and the construction put upon it by the Supreme Court of the latter state supports plaintiff's contention on this point. *Kruy v. Smith,* 108 Conn., 628; *Russell v. Parlee,* 115 Conn., 687; *Gage v. Chapin Motors,* 115 Conn., 546; *Chaplowe v. Powsner,* 119 Conn., 188. The same conclusion is reached in *McGuire v. Armstrong,* 268 Mich., 152, 255 N. W., 745, where the word "guest" in a similar statute is construed. See, also, *Campbell v. Casualty Co., ante,* 65. Other cases on the subject will be found collected in 95 A. L. R., 1180.

Coming back to the determinative question presented by the appeal, whether the doctrine of *res ipsa loquitur* applies to the facts of this case, it seems to have been definitely settled in North Carolina that this principle does not apply to the skidding of an automobile resulting in injury to a passenger. It was so held in *Springs v. Doll,* 197 N. C., 240, 148 S. E., 251, and reaffirmed in *Butner v. Whitlow,* 201 N. C., 749, 161 S. E., 389, and *Waller v. Hipp,* 208 N. C., 117, 179 S. E., 428.

The applicability of *res ipsa loquitur* to particular cases has been many times discussed in the decisions of this Court, ever since *Judge Gaston,* in *Ellis v. R. R.,* 24 N. C., 138, first applied the rule, and the doctrine does not now require restatement or further elaboration. *Womble v. Grocery Co.,* 135 N. C., 474, 47 S. E., 493; *Stewart v. Carpet Co.,*

138 N. C., 60, 50 S. E., 562; *Ross v. Cotton Mills,* 140 N. C., 115, 52 S. E., 121; *Perry v. Mfg. Co.,* 176 N. C., 68, 97 S. E., 162; *White v. Hines,* 182 N. C., 275, 109 S. E., 31; *Bryant v. Construction Co.,* 197 N. C., 639, 150 S. E., 122; *Armstrong v. Spinning Co.,* 205 N. C., 553, 172 S. E., 313; *Wilson v. Perkins,* 211 N. C., 110; *Sweeney v. Erving,* 228 U. S., 233; *Weston v. Hillyer,* 160 S. C., 541, 159 S. E., 390; 45 C. J., sec. 768. The application of the rule to injury resulting from the use of machinery or complicated tools or apparatus has been extended to a variety of situations where the cause of the injury is inaccessible to the party injured, but accessible to the party having exclusive control or management of the instrumentality, but ordinarily it does not apply when all the facts causing the accident are known and testified to by the witnesses at the trial. *Baldwin v. Smitherman,* 171 N. C., 772, 88 S. E., 854. The general rule stated in Huddy on Automobiles, sec. 373, is quoted with approval in *Springs v. Doll, supra,* as follows: "The mere fact of the skidding of a car is not of itself such evidence of negligence as to render the owner liable for an injury in consequence thereof." And in *Linden v. Miller,* 172 Wis., 20, 177 N. W., 909, it was said: "Skidding may occur without fault, and when it does occur it may likewise continue without fault for a considerable space and time. It means partial or complete loss of control of the car under circumstances not necessarily implying negligence. Hence, plaintiff's claim that the doctrine of *res ipsa loquitur* applies to the present situation is not well founded. In order to make the doctrine *res ipsa loquitur* apply, it must be held that skidding itself implies negligence. This it does not do. It is a well known physical fact that cars skid on greasy or slippery roads without fault either on account of the manner of handling the car or on account of its being there."

The contention that the facts here do not present a case of skidding is untenable. There is no other reasonable conclusion to be reached but that the wheels of the automobile slipped sideways on the pavement, resulting in inability of the driver to control the movement of the car. This is the meaning of the word "skidding" as applied to the operation of automobiles. One of plaintiff's witnesses testified in the trial that the car seemed to be skidding.

Upon consideration of the record before us, we conclude that the principle of *res ipsa loquitur* does not apply to the facts disclosed, and that there being no evidence of negligence, the judgment of nonsuit was properly entered.

Affirmed.

CLARKSON, J., dissenting: Conceding that the principle of *res ipsa loquitur* does not apply, yet I think there was sufficient evidence to be

MERRIMON *v.* TELEGRAPH CO.

submitted to the jury on the principle that the injury to plaintiff was caused by the negligence of defendant. I think there was evidence to show that in operating the car there was "heedlessness or his reckless disregard of the rights of others," causing the injury. The operator ran into a shower—the road was wet. "The car went to the right, then it cut across to the left, then cut across to the right, and went off the highway and turned over." It turned over one and a half times and landed with the wheels in the air, indicating that it was being operated at a high and dangerous rate of speed and in a heedless and reckless manner. At least this was evidence for the jury to consider on the issue of negligence. The car "zig-zagged" first to the right and then to the left and then again to the right—it was skidding on the wet road. The evidence was sufficient to be submitted to the jury as to defendant's negligence and also as to whether plaintiff was a guest under the South Carolina statute, in which state plaintiff was injured.

I think that such an interpretation should be given to evidence of this kind, so that a jury should pass on the facts and not this Court. It is necessary, in the preservation of life and limb, that the drivers of cars should be held to an accountability in their driving under such evidence here disclosed. Last year we had 1,123 killed and 7,990 injured in automobile wrecks in 7,413 accidents in North Carolina. Over 40,000 were killed in the nation in automobile wrecks. In one year more were killed in this nation than were killed in the World War. This wreckage is left for the taxpayers and others to care for. It is a matter of common knowledge that premiums are paid to liability companies for the protection of guests in cars, under well settled law in this State, who are injured when there is negligence on the part of the driver. I think the judgment of nonsuit should be reversed.