CARLTON H. WISE v. MARION LODGE

(Filed 27 November, 1957)

1. **Automobiles § 25—**

   The fact that an automobile is being operated at less than the statutory maximum does not relieve the operator of the duty to reduce speed when special hazards exist with respect to pedestrians, traffic or weather conditions, G.S. 20-141 (a), (c), and a speed of 35 to 40 miles per hour on a highway covered with ice and snow may be excessive under the conditions.

2. **Automobiles § 13—**

   It is not negligence *per se* to drive an automobile on a highway covered with snow or ice, but the driver of a vehicle under such conditions must exercise care commensurate with the danger to keep his vehicle under control so as not to cause injury to another vehicle or an occupant thereof by skidding into it.

3. **Same—**

   While the skidding of an automobile is not in itself evidence of negligence, if it is made to appear that the skidding was caused by the failure of the driver to exercise reasonable precaution under conditions and at a time when skidding of the car is probable in the absence of such precaution, such skidding may be evidence of negligence.

4. **Automobiles § 41j—**

   Evidence tending to show that defendant was driving on a highway covered with ice and snow, that she was aware of the condition of the highway and was driving at a speed of 35 to 40 miles per hour

under conditions from which she could, in the exercise of reasonable care, have foreseen that the speed of her car without chains made the skidding of her automobile probable, and that her car skidded into the car being driven in the opposite direction by plaintiff on his right side of the highway, *is held* to take the issue of negligence to the jury.

APPEAL by plaintiff from *Stevens, J.,* March Term 1957 of NASH.

Civil action to recover damages for personal injuries and damages to an automobile.

Upon motion of the defendant, American Security Insurance Company was made a party defendant to the action, and has filed a pleading alleging it has paid to plaintiff the sum of $907.97 by reason of the terms of the contract of insurance between them, and as to this amount it is subrogated to the rights of plaintiff.

From a judgment of nonsuit entered at the close of plaintiff's evidence, plaintiff appeals.

*Battle, Winslow & Merrell for plaintiff, appellant.*
*S. L. Arrington for defendant, appellee.*

PARKER, J. Plaintiff's evidence tends to show the following facts: About 7:45 a.m. on 24 January 1956 plaintiff was driving his automobile in a northerly direction on his right-hand side of U. S. Highway 301, approximately eight miles north of Weldon, North Carolina. At the same time the defendant was driving her automobile in a southerly direction on her right-hand side of the same highway about the same distance north of Weldon. The weather was very cold, and the highway was covered with ice. Snow had fallen the night before, and was falling slightly at the time of the collision. The Highway Commission had done nothing to reduce the danger from ice on the highway. The hard-surfaced portion of the highway was twenty-two feet wide with shoulders ten feet wide on each side, which were hard frozen. Plaintiff was travelling slightly upgrade, and the defendant was travelling slightly downgrade. Neither automobile had chains.

When plaintiff first saw defendant's automobile, it was in the proper place in her lane, and her speed was approximately 35 to 40 miles an hour. Her automobile was 70 to 100 feet away, when plaintiff first saw it. At that time plaintiff was going 20 to 25 miles an hour in his right-hand lane of the highway. He told a patrolman the defendant was going 30 to 35 miles an hour, when he first saw defendant's automobile. Plaintiff testified:

"I saw the approaching car and first really noticed it when it began to skid and veered in my direction. The farther it come the more it skidded in my direction. It appearing that

there would be a collision, I took my foot off the accelerator. I did not apply brakes because I knew if I did I would begin skidding. I put my car in low gear to slow it down to keep from skidding and veered slightly to the right. I did not take to the shoulder of the road because it was slushy and icy and there was a drop beyond the shoulder. When the cars came together I was considerably to the right of the center line. Her car from the front of the front door forward was in my right-hand lane, or the east side of the highway, the right-hand lane going north. Before the impact, her car was going southerly, angling toward me all the time. I could not tell whether it was under control. I did not at any time cross the center line into her lane."

The defendant told a State Highway Patrolman that her automobile started skidding on the ice, and she lost control. She also told him she applied her brakes.

In the collision plaintiff and defendant suffered personal injuries, and their automobiles were damaged.

G.S. 20-141 establishes the maximum speed at which motor vehicles are permitted to travel lawfully on the highways of the State, in a business district, in a residential district, and in other places. Section (a) of this statute provides "no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing." Section (c) of the same statute reads: "The fact that the speed of a vehicle is lower than the foregoing limits shall not relieve the driver from the duty to decrease speed . . . when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway, and to avoid causing injury to any person or property either on or off the highway, in compliance with legal requirements and the duty of all persons to use due care."

This Court said in *Sowers v. Marley,* 235 N.C. 607, 70 S.E. 2d 670: "The speed of a motor vehicle may be unlawful, however, under the circumstances of a particular case, even though such speed is less than the definite statutory limit prescribed for the vehicle in the place where it is being driven."

One is not negligent *per se* in driving an automobile on a highway covered with snow or ice. *Linden v. Miller,* 172 Wis. 20, 177 N.W. 909, 12 A. L. R. 665.

However, the driver of an automobile on a highway covered with ice or snow must exercise care commensurate with the conditions existing to keep it under control so as not to cause injury to another automobile, or an occupant thereof, on the highway by skidding into it. 5A Am. Jur., Automobiles and

Highway Traffic, Sec. 341; Anno. 58 A. L. R., p. 278 *et seq.,* where many cases are cited.

In *Webb v. Smith,* 176 Va. 235, 10 S.E. 2d 503, 131 A. L. R. 558, the Court said: "The ice on the hard surface was a condition known to the operator of each vehicle, and each was charged with the duty to take care and caution in the operation of his vehicle proportionate to the known and obvious dangerous condition of the highway."

The skidding of an automobile is not in itself, and without more, evidence of negligence. *Coach Co. v. Burrell,* 241 N.C. 432, 85 S.E. 2d 688; *Mitchell v. Melts,* 220 N.C. 793, 18 S.E. 2d 406; *Springs v. Doll,* 197 N.C. 240, 148 S.E. 251.

But the skidding of an automobile may be evidence of negligence, if it appears that it was caused by a failure to exercise reasonable precaution to avoid it, when the conditions at the time made such a result probable in the absence of such precaution. *Coach Co. v. Burrell, supra; Williams v. Thomas,* 219 N.C. 727, 14 S.E. 2d 797; *Waller v. Hipp,* 208 N.C. 117, 179 S.E. 428; *Butner v. Whitlow,* 201 N.C. 749, 161 S.E. 389; 5A Am. Jur., Automobiles and Highway Traffic, Sec. 341; Blashfield Cyc. of Automobile Law and Practice, Per. Ed., Vol. I, p. 680.

Viewing the evidence in the light most favorable to the plaintiff, as we are required to do on a motion for judgment of nonsuit, it permits the legitimate inference that the skidding of defendant's automobile was caused by her failing to exercise due care in the operation of her automobile commensurate with the known and obvious dangerous condition of the highway, in that she was driving it without chains on a highway covered with ice at a speed of approximately 35 to 40 miles an hour, that such speed was greater than was reasonable and proper under the conditions then existing, and that she in the exercise of reasonable care might have foreseen that the ice on the highway and the speed of her automobile without chains made the skidding of her automobile probable, and that from such skidding consequences of a generally injurious nature might be expected.

The evidence presents a case for a jury. The judgment of nonsuit is

Reversed.