CLARA C. REDDEN v. MARVIN THOMAS BYNUM and UNIVERSAL AUTO RENTALS, INC.

(Filed 2 February, 1962.)

**1. Trial § 22—**

Contradictions and inconsistencies in plaintiff's own testimony do not justify nonsuit but must be resolved in favor of plaintiff.

**2. Automobiles § 7—**

Traveling at excessive speed, failing to keep a proper lookout, or failing to maintain reasonable control of the vehicle constitutes a violation of G.S. 20-141(c), and is negligence.

**3. Automobiles § 25—**

Since a motorist must exercise care commensurate with the danger so as to keep his vehicle under control, a speed of 35 to 40 miles per hour on a highway covered with ice and snow may be excessive.

**4. Automobiles § 15—**

The right of a motorist to assume that a vehicle approaching from the opposite direction will obey the law and yield one-half of the highway is not absolute and may be qualified by the particular circumstances existing at the time, and a motorist may not indulge this assumption when he sees, or by the exercise of due care should see, that the approaching vehicle is out of control.

**5. Automobiles § 41c—**

Evidence that defendant was driving some 40 miles per hour on a highway covered with ice and snow, that plaintiff's vehicle, in attempting to pull a grade, had skidded to its left so that the front part of plaintiff's vehicle was in defendant's lane of travel, that it was in this position, stationary or barely moving, when defendant was some four hundred feet away, and that defendant did not slacken speed and struck plaintiff's vehicle on its right side, *is held* sufficient to be submitted to the jury on the question of defendant's negligence.

**6. Automobiles § 13—**

The mere skidding of an automobile does not imply negligence but may form the basis for liability when the skidding results from some fault of the operator amounting to negligence.

**7. Automobiles § 42f—**

Evidence tending to show that plaintiff was traveling some 10 to 15 miles per hour upon a highway covered with ice and snow, that in attempting to ascend a grade she pressed the accelerator slightly and skidded to the left into defendant's lane of travel, and that her tires, while worn, still had tread on them, *is held* not to disclose contributory negligence as a matter of law.

**8. Automobiles § 54f—**

Where it is admitted that the corporate defendant is the registered owner of a vehicle described in the complaint but there is no evidence or allegation that the individual defendant was operating this vehicle on the occasion in question or that the individual defendant was the employee or agent of the corporate defendant, nonsuit of the corporate defendant must be allowed.

**9. Trial § 19—**

Where the evidence on an aspect which is essential to make out a case against a defendant is insufficient to be submitted to the jury, such defendant's motion to nonsuit must be allowed notwithstanding the motion was not prosecuted on this aspect.

**10. Appeal and Error § 35—**

The Supreme Court must assume that the record is true and complete.

APPEAL by plaintiff from *Olive, J.,* February 27, 1961 Term of GUILFORD (Greensboro Division).

This action was instituted by plaintiff on 5 May 1959 to recover for personal injuries and property damage arising out of a collision of motor vehicles.

Plaintiff alleges:

About 4:15 P.M. on 8 January 1959 plaintiff was driving her pickup truck eastwardly along U. S. Highway 70-A about 3 1/2 miles east of Greensboro. At this point the highway has three lanes, two for eastbound and one for westbound traffic. It was snowing, the highway was slippery, and plaintiff was proceeding in the south lane at 10 miles per hour. As the pickup began to ascend a rather steep incline it started sliding, it skidded sideways to the left and came to rest partially in the center lane and partially in the north lane. A van-type truck operated by the individual defendant (Bynum), employee and agent of W. P. Ballard & Co., Inc. (hereinafter called Ballard & Co.), proceeding westwardly at about 40 miles per hour, collided with plaintiff's pickup, causing injury to plaintiff and her vehicle. The view of Bynum was unobstructed. He did not reduce speed or take precautions to avoid the collision, though he could have seen plaintiff's pickup skidding into his lane of travel when 300 feet away. He was negligent in that he (1) operated the truck at a speed greater than was reasonable and

prudent under the circumstances, (2) failed to decrease speed to avoid collision with plaintiff's pickup, (3) failed to maintain a proper lookout, (4) failed to keep the truck under reasonable control, and (5) violated provisions of the reckless driving statute (G.S. 20-140). This negligence was the proximate cause of plaintiff's injury and damage.

Defendants, answering, deny plaintiff's allegations of negligence and allege that plaintiff was contributorily negligent in that she (1) operated the pickup on icy roads knowing that it was equipped with tires which were worn and slick, (2) failed to keep the pickup under reasonable control, (3) operated the pickup at a speed greater than was reasonable and prudent under prevailing conditions, (4) violated the provisions of the reckless driving statutes, (5) failed to drive on the right half of the highway, (6) failed to pass to the right while meeting defendants' truck, and (7) failed to yield to the meeting truck one-half of the highway.

In reply, plaintiff alleges that notwithstanding any negligence on her part defendants had the last clear chance to avoid the collision.

By stipulation of the parties Ballard & Co. was substituted as defendant in lieu of Universal Auto Rentals, Inc., and adopted the pleadings which had been filed by the latter.

At the close of plaintiff's evidence the court allowed defendants' motion for nonsuit and dismissed the action.

Plaintiff appeals.

*Benjamin D. Haines and Thomas Turner for plaintiff appellant.*
*Jordan, Wright, Henson & Nichols and Karl N. Hill, Jr., for defendants appellees.*

MOORE, J.  Plaintiff's sole assignment of error is based on her exception to the allowance of defendants' motion for involuntary nonsuit. As to defendant Bynum the exception is well taken.

When considered in the light most favorable to her, plaintiff's evidence makes out a *prima facie* case of actionable negligence against Bynum. It is true that there are discrepancies, contradictions and inconsistencies in plaintiff's testimony, but upon motion for nonsuit these are resolved in favor of plaintiff. *Dinkins v. Carlton,* 255 N.C. 137, 141, 120 S.E. 2d 543; *Cozart v. Hudson,* 239 N.C. 279, 78 S.E. 2d 881. Inasmuch as there must be a retrial we refrain from a detailed discussion of the evidence. In brief summary it tends to show:

It was snowing and sleeting. The highway was covered with snow and ice and was slippery. It was a three-lane highway. Plaintiff was proceeding eastwardly down a slight hill in her righthand lane at ten to fifteen miles per hour. She was almost coasting, didn't have her foot

on the accelerator. She reached the bottom of the hill and started up a rather steep and long incline. It was about seven hundred feet to the top of the incline. As plaintiff started up the hill she pressed the accelerator slightly. The wheels of her pickup began to spin. She saw a van-type truck coming down the hill toward her from the east. Her pickup moved forward about its own length and then skidded to the left at an angle across the center lane with its front in the north lane. As the pickup skidded to the left the approaching truck was four hundred feet away, and was travelling forty to forty-five miles per hour. It did not slacken speed but within a matter of seconds came straight into the pickup. The pickup was entirely on the hard surface, and was practically at a standstill when struck — it could have been moving just slightly. Plaintiff testified: "I knew the truck was there; I had it under observation; I knew he was coming and I was doing all I could under the conditions to take care of my truck, take care of myself. . . . He was under observation all the time." She testified further: "I observed the truck most of the time from the time I first saw it until it collided with my truck." She also stated: "I think I came to a stop here about this point" (indicating on a chart). The right front of the truck struck the pickup at the right-hand door. Plaintiff was rendered unconscious. It took twenty-five minutes to pry the door of the pickup open with the use of crowbars. The pickup was later sold for $200.00 for salvage.

The fact that the speed of a vehicle is less than the maximum limit provided by law "shall not relieve the driver from the duty to decrease speed . . . when special hazard exist with respect to . . . other traffic or by reason of weather conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway . . . in compliance with legal requirements and duty of all persons to use due care." G.S. 20-141(c). Failure to observe this statutory duty renders a motorist negligent, and such negligence may consist of traveling at excessive speed, failure to keep a proper lookout, or failure to maintain reasonable control of vehicle. *Durham v. Trucking Co.,* 247 N.C. 204, 100 S.E. 2d 348; *Brown v. Products Co., Inc.,* 222 N.C. 626, 24 S.E. 2d 334. Speed of thirty-five to forty miles per hour on a highway covered with ice and snow may be excessive; the driver of the vehicle under such conditions must exercise care commensurate with the danger, so as to keep his vehicle under control. *Wise v. Lodge,* 247 N.C. 250, 100 S.E. 2d 677. Failure to use brakes when such use would prevent a collision is negligence. *Clark v. Emerson,* 245 N.C. 387, 95 S.E. 2d 880. See also, *Johnson v. Lewis,* 251 N.C. 797, 112 S.E. 2d 512; *Lamm v. Gardner,* 250 N.C. 540, 108 S.E 2d 847

Assuming that the perilous position of plaintiff's pickup resulted from some negligence on her part, defendant Bynum had the duty to avoid colliding with it if he could do so in the exercise of due care. ". . . (A) person is not bound to anticipate negligent acts or omissions on the part of others; but, in the absence of anything which gives, or should give notice to the contrary, he is entitled to assume and act upon the assumption that every other person will perform his duty and obey the law and that he will not be exposed to danger which can come to him only from the violation of duty or law by such other person." *Weavil v. Myers,* 243 N.C. 386, 391, 90 S.E. 2d 733. "However, the right of a motorist to assume that a driver of a vehicle coming from the opposite direction will obey the law and yield one-half the highway, or turn in time to avoid collision, and to act on such assumption in determining his own manner of using the road, is not absolute. It may be qualified by the particular circumstances existing at the time, — such as 'the proximity, the position and movement of the other vehicle, and the condition of the road as to usable width, and the like.'" *Hoke v. Greyhound Corp.,* 227 N.C. 412, 418, 42 S.E. 2d 593; *Cox v. Lee,* 230 N.C. 155, 52 S.E. 2d 355. In a case where plaintiff, at night, travelling north, in attempting to reverse her direction on a four-lane highway separated by a median, entered the cross-over at slow speed, and her motor stalled, her brakes failed and her car rolled onto the southbound lanes, and defendant's car, travelling south along the straight highway, was then five hundred feet away with headlights burning, and continued on and struck plaintiff's car, the evidence was held sufficient to be submitted to the jury on the question of whether defendant was negligent in travelling at excessive speed and in failing to keep a proper lookout. *Peeden v. Tait,* 254 N.C. 489, 119 S.E. 2d 450. Evidence tending to show that a motorist was driving his car on a bright moonlight night on a straight highway, a mule started walking across the highway when the motorist was one hundred yards away, and the motorist, without decreasing speed, drove on and collided with the mule, was held to disclose contributory negligence on the part of the motorist as a matter of law. *Johnson v. Heath,* 240 N.C. 255, 81 S.E. 2d 657. Evidence that motorist A turned to his left across the highway in the path of motorist B, who was travelling in the opposite direction, and that B was travelling at excessive speed, could have seen A's movement when three hundred feet away, but did not slacken speed or change course until the cars were virtually in contact, was sufficient to support the conclusion that B was driving at an unlawful speed and failed to keep his car under reasonable control. *Jernigan v. Jernigan,* 236 N.C. 430, 72 S.E. 2d 912.

In the case at bar the evidence does not compel the inference that

plaintiff was contributorily negligent as a matter of law. The mere skidding of an automobile does not imply negligence. *Coach Co. v. Burrell,* 241 N.C. 432, 85 S.E. 2d 688; *Winfield v. Smith,* 230 N.C. 392, 53 S.E. 2d 251; *Mitchell v. Melts,* 220 N.C. 793, 18 S.E. 2d 406; *Clodfelter v. Wells,* 212 N.C. 823, 195 S.E. 11; *Springs v. Doll,* 197 N.C. 240, 148 S.E. 251. But skidding may form the basis for liability when it results from some fault of the operator amounting to negligence on his or her part. *Wise v. Lodge, supra; Durham v. Trucking Co., supra; Hoke v. Greyhound Corp., supra; Williams v. Thomas,* 219 N.C. 727, 14 S.E. 2d 797; *Taylor v. Rierson,* 210 N.C. 185, 185 S.E. 627. Defendants allege that plaintiff negligently operated her pickup on icy roads when, to her knowledge, the pickup was equipped with tires that were worn and slick. Plaintiff testified that the tires were worn, but still had tread on them, that they were not slick. As to whether plaintiff was negligent in the respect alleged was a question for the jury.

Plaintiff alleges that Ballard & Co. on 8 January 1959 "was the registered owner of a certain 1957 Chevrolet truck van which bore N. C. registration number 4822C for the year 1958." This is admitted, but nowhere in the pleadings or record does Ballard & Co. admit that Bynum was operating this particular truck on the occasion in question or that Bynum was its employee or agent. Plaintiff offered no evidence tending to prove either proposition. It is true that Ballard & Co. makes no argument in the brief that there was a lack of showing of agency. But we must assume that the record is true and complete. Since plaintiff failed to make a *prima facie* showing that Bynum was agent of Ballard & Co., the latter was entitled to have its motion for nonsuit sustained.

The judgment below is,

As to the corporate defendant, affirmed,

As to the individual defendant, reversed.