WILLIE VERNON FOX v. WILLIAM LEE HOLLAR, R. J. SHELL AND SON, A CORPORATION, LILLIE MAE COMBS, AND RUDOLPH BOBBY ARNETTE.

(Filed 2 May 1962.)

**1. Automobiles § 46;   Trial § 33;   Pleadings § 28—**

It is not error for the trial court to fail to charge upon aspects of negligence in the operation of an automobile when the allegations in regard thereto are not supported by evidence, or upon aspects of negligence presented by the evidence but which are not supported by allegation, since allegation and evidence must correspond.

**2. Automobiles § 13—**

The failure to equip a vehicle with chains within the first eight to ten miles after snow has begun to fall cannot be considered evidence of negligence.

**3. Same—**

The mere fact that a vehicle traveling five to ten miles per hour on snow skidded as the driver was attempting to turn right, without more, is not evidence of negligence.

**4. Trial § 21—**

Upon motion to nonsuit, plaintiff is entitled to have the evidence considered in the light most favorable to him, giving him the benefit of every favorable inference that can be legitimately drawn therefrom, and defendant's evidence which tends to support plaintiff's claim must be assumed to be true and considered, but defendant's evidence which contradicts that of plaintiff or tends to establish a different set of facts must be ignored.

**5. Automobiles § 41d—   Evidence of negligence in following preceding vehicle too closely under circumstances held to raise issue for jury.**

Evidence tending to show that defendant was following another vehicle on the highway which was fast becoming covered with snow, that the driver of the preceding vehicle gave a signal for a right turn about 50 feet from an intersection, that as the preceding car started to turn,

FOX v. HOLLAR.

it skidded and collided with a vehicle approaching from the opposite direction, and that the driver of the following car, which was only 15 to 20 feet behind the preceding car when it began to turn, was unable to avoid hitting the preceding car, *is held* sufficient to be submitted to the jury on the question of whether the driver of the following car was traveling more closely than was reasonable and prudent under the circumstances.

**6. Automobiles § 15—**

The violation of the statutory requirement that the driver of a motor vehicle shall not follow another more closely than is reasonable and prudent with regard to the speed of the vehicles, the traffic, and the condition of the highway, is negligence *per se* and is actionable when the proximate cause of injury.

**7. Damages § 3—**

Plaintiff passenger was injured when the car in which he was riding was successively hit by two other cars. The jury found that his injuries were not proximately caused by any negligence on the part of two of the drivers. *Held:* Plaintiff may no longer recover on the theory that his injuries were the result of successive, joint, and concurrent torts, and may recover from the third driver only for those injuries resulting solely from the collision between the car in which he was a passenger and the car of such defendant.

APPEAL by plaintiff from *Crissman, J.,* at September 1961 Civil Term of IREDELL.

Plaintiff received personal injuries in a three-car collision. He seeks to recover damages from the operators of the vehicles involved.

The plaintiff's evidence tends to show that on 2 March 1960, at about nine o'clock A. M., he was a passenger in the Hudson automobile being driven by the defendant Lillie Mae Combs at a speed of some ten to fifteen miles an hour in a northerly direction on Highway #16 approaching its intersection with rural paved road No. 1800.

The defendant Rudolph Bobby Arnette, operating a Chevrolet automobile, had been following immediately behind the Combs car, "right up on the bumper", for about one-quarter of a mile. It was the intention of defendant Combs to turn east into Highway No. 1800, and plaintiff's destination was the home of his brother about 300 yards from the intersection on Highway No. 1800. As the two automobiles approached the intersection they were meeting the oil truck of the defendant R. J. Shell & Son, Inc., which was being operated by the defendant Hollar at a speed of from forty to fifty miles an hour. It was snowing hard, and there was from one to two inches of snow on the road. It had begun to snow when plaintiff was eight to ten miles from the intersection. About fifty feet from the intersection the defendant Combs put on her signal lights for a right turn and at ten to twenty feet from

the intersection, when she started to turn, she gave a hand signal for five to six feet. As the Combs car started to turn to the east at from five to ten miles on hour, with the Arnette car fifteen to twenty feet behind it, the Combs car started to slide to the left and crossed the center of the road. At that time the oil truck was within five feet of her in the southbound lane. The truck and the Combs car collided in the center of the highway. The Combs car slid from two to two and one-half feet in the snow, and at about the same time the Arnette car hit the right rear fender of the Combs car, turning it around in the highway and knocking it into the ditch. The three cars hit at about the same time. In the collision the plaintiff sustained serious injuries.

The evidence for the defendants Hollar and Shell & Son, Inc., tended to show that snow was just beginning to stick to the pavement as the oil truck approached the intersection at a speed of from thirty to thirty-five miles an hour; that when it was about fifty feet from the intersection, the Combs car came head on into the truck's lane; that Hollar applied brakes, got as far as he could to the right without going over a fill, and brought the truck almost to a standstill; that the left front of the Combs car collided with the left front of the truck at a time when her entire automobile was in the west lane for southbound traffic; that the truck stopped momentarily before going down the bank, and the Combs car stopped in the west lane headed down the bank over which the truck went; that the Arnette car, a blue Chevrolet, was sitting in the middle of the intersection headed west; that after the collisions there was blue paint on the right-hand side of the Combs car; that there were no marks on the front of the Arnette car, but there was one on the left rear fender.

The defendant Combs offered no evidence.

Evidence for the defendant Arnette tended to show that where snow covered the road it was from one-fourth to one-half inches deep; that for about one-half a mile he had followed the Combs car at a distance of about ten car lengths and at a speed of from twenty to twenty-five miles an hour, the same speed she was making; that from 75 to 100 feet from the intersection, and when he was six or seven car lengths behind her, he observed the Combs car slowing down and he slowed accordingly; that about thirty-five to fifty feet from the intersection he saw her hand signal when he was six or seven car lengths behind; that about three car lengths from the intersection the Combs car veered to the left and skidded broadside into the lane of the oncoming truck; that Arnette went on the right shoulder of the road, and the Combs car collided with the truck when the truck was almost off the road on the west side; that at the time of the impact, the Arnette car was about four car lengths to the right rear and off the edge of the highway on the

east; that after the impact with the truck, the rear of the Combs car came straight across the highway and collided with the back quarter panel of the Arnette car, leaving a dent in the right rear corner of the bumper and in the quarter panel about eight inches from the back door of the Combs car and some scratches on the fender.

At the close of all the evidence the motion of defendant Arnette for judgment as of nonsuit, made at the conclusion of the plaintiff's evidence, was renewed. The motion was allowed and plaintiff excepted. The jury answered the issues of negligence in favor of the remaining defendants and the plaintiff appealed.

*R. A. Hedrick, Jay F. Frank for plaintiff appellant.*
*Collier, Harris & Collier for defendant Arnette appellee.*
*Adams & Dearman, C. B. Winberry for defendant Combs appellee.*
*Raymer & Raymer, John G. Lewis, Jr., for defendants William Lee Hollar and R. J. Shell & Son, appellees.*

SHARP, J. The plaintiff assigns as error the failure of the trial judge to instruct the jury as to certain duties which he alleged in the complaint were owed to him by the defendants William Lee Hollar and Mrs. Lillie Mae Combs, the operators of two of the vehicles involved in the three-car collision, and the granting of the nonsuit as to the defendant Rudolph Bobby Arnette, the operator of the third vehicle. We will consider first the assignments of error which relate to the defendants William Lee Hollar and R. J. Shell & Son, Inc.

The trial judge instructed the jury, in effect, that if they found that the defendant Hollar was operating the oil truck on the occasion in question at a speed which was greater than was reasonable and prudent considering the weather, the condition of the highway, and the traffic on it, that such speed would be negligence *per se,* and if they further found that such negligence was one of the proximate causes of the collision which occurred they would answer the issue of negligence as to the defendants Hollar and R. J. Shell & Son, Inc., Yes; otherwise, No. He thus limited the jury's consideration of negligence on the part of these two defendants to the speed of the truck.

In addition to speed the plaintiff alleged that a failure on the part of the defendant Hollar to keep a proper lookout, a failure to have the truck under proper control, and a failure to equip the truck with chains was negligence proximately contributing to the collisions in which he was injured. The plaintiff assigns as error the failure of the judge to instruct the jury upon the duties which he contended defendant Hollar owed to him based on these allegations. However, there was no evidence requiring a charge on these allegations. Alle-

gation without proof is unavailing. *Messick v. Turnage,* 240 N.C. 625, 83 S.E. 2d 654. Except for the testimony that the truck approached the intersection at a speed of from forty to fifty miles per hour, these defendants would have been entitled to a nonsuit when the plaintiff rested his case. Speed of forty miles per hour on a highway on which snow is beginning to stick may be excessive. *Redden v. Bynum,* 256 N.C. 351, 123 S.E. 2d 734.

Although there was evidence that the collision between the truck and the Combs car occurred about the center of the highway, the complaint contains no allegation that the oil truck ever crossed over the center line to its left. Plaintiff must make out his case according to his allegations and the court cannot take notice of any proof unless there is a corresponding allegation. *Lucas v. White,* 248 N.C. 38, 102 S.E. 2d 387.

The contention of the plaintiff that the defendant Hollar's speed was excessive under the weather and highway conditions then existing, and that it constituted one of the proximate causes of the resulting collision, was submitted to the jury under instructions to which no error is assigned on that count. The jury's verdict established that the plaintiff was not injured by the negligence of these two defendants. In the trial as to them we find no error.

The judge likewise limited the jury's consideration of negligence on the part of the defendant Combs to the single element of speed. In addition to excessive speed the plaintiff alleged that the defendant Combs, the operator of the car in which plaintiff was riding, was negligent in that she failed to keep a proper lookout, failed to have her car under proper control, and failed "to keep her automobile properly and adequately equipped under the circumstances." If this latter allegation be held to refer to the absence of chains, it cannot be said, under the circumstances of this case, that a failure to put on chains within the first eight to ten miles after snow began to fall was evidence of negligence. There was no evidence that Mrs. Combs failed to keep a proper lookout.

The evidence upon which the plaintiff predicates his case against the defendant Combs is that at a speed of from five to ten miles per hour, while attempting to make a right turn, she skidded into the path of the approaching truck. The judge left it to the jury to say whether or not such speed was excessive considering the weather, the traffic and the amount of snow on the highway. The jury found that it was not. The remaining question in the case against the defendant Combs is whether there was any evidence tending to show a lack of proper control on her part which required the judge to submit that allegation to the jury. We hold there was not.

Cars may skid or slip on roads "without fault either on account of the manner of handling the car or on account of its being there." *Clodfelter v. Wells,* 212 N.C. 823, 195 S.E. 11. Of course, "the skidding of an automobile while being driven on a road or highway, may or may not be due to the fault of the driver. It is only when it was due to the fault of the driver * * * that the driver can be held liable for damages resulting therefrom." *Butner v. Whitlow,* 201 N.C. 749, 161 S.E. 389; *Redden v. Bynum, supra.* The mere fact that the Combs car went into a skid at five to ten miles per hour, without more, is not evidence of negligence. As to the defendant Combs, we find no error in the trial.

We come now to the question of whether the judge erred in granting the motion of defendant Arnette for judgment of nonsuit at the close of all the evidence. The plaintiff alleged a sequence of events on the part of the three defendants which successively, concurrently, and jointly produced the injuries for which he seeks to recover. *Riddle v. Artis, et al,* 243 N.C. 668, 91 S.E. 2d 894. He alleged that the negligence of Arnette in this sequence consisted, *inter alia,* in following the Combs vehicle too closely.

In determining the legal sufficiency of testimony to withstand a motion for compulsory nonsuit after all the evidence on both sides is in, the testimony is interpreted most favorably to plaintiff, and is most strongly against defendant. Furthermore, plaintiff is given the benefit of every inference favorable to him that can be legitimately drawn from such facts. Any evidence presented by defendant which contradicts that of plaintiff, or tends to establish a different set of facts is ignored and all the evidence which tends to support the plaintiff's claim is assumed to be true. *Cozart v. Hudson,* 239 N.C. 279, 78 S.E. 2d 881.

Subjecting the plaintiff's testimony against Arnette to these rules, it makes out the following case for the plaintiff:

In a snow storm Arnette had been following immediately behind the Combs car for one-fourth mile on a highway which was fast being covered with snow. Although Mrs. Combs had given a right turn signal about fifty feet from the intersection, the Arnette car was only fifteen to twenty feet, less than two car lengths, behind her when she started to turn. After the Combs car went into the skid and collided with the truck, the defendant Arnette was unable to avoid running into it because of his proximity, and he hit her car on the right rear fender causing it to turn around and go into the ditch. The plaintiff testified that "the three cars hit about the same time."

G.S. 20-152 (a) provides: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent

THARPE v. NEWMAN.

with regard to the safety of others and due regard to the speed of such vehicles and the traffic upon and the condition of the highway." A violation of this statute is negligence *per se* and, if injury proximately results therefrom, it is actionable. *Smith v. Rawlins*, 253 N.C. 67, 116 S.E. 2d 184.

Upon the evidence it was for the jury to say whether the defendant Arnette, considering the condition of the highway and the hazards of driving in the snow, was following the Combs car more closely than a reasonably prudent person would have done under the circumstances and, if so, what injury, if any, his negligence proximately caused the plaintiff.

However, plaintiff can no longer proceed upon the theory that his injuries were the cumulative effect of successive, joint and concurring torts; but he is entitled to show, if he can, that negligence on the part of the defendant Arnette proximately caused him injury. He can recover from the defendant Arnette for only those injuries he may have suffered in the collision between the Combs car and the Arnette car. 25 C.J.S. Damages, Sec. 27, p. 493.

As to the defendants Hollar, R. J. Shell & Son, Inc., and Lillie Mae Combs—

Affirmed.

As to the defendant Arnette—

New trial.