### JOHN N. HOWDERSHELT v. ANNETTA LOUISE HANDY.

(Filed 17 January 1964.)

**Automobiles §§ 13, 41j—**

> While the mere skidding of a motor vehicle does not imply negligence, where there is evidence that the driver was passing a preceding car at almost the maximum lawful speed on wet pavement and that she thought she saw a vehicle approaching from the opposite direction move out of line, causing her to cut more quickly and at a sharper angle to her right, with positive evidence that no vehicle was approaching out of line, *is held* sufficient to be submitted to the jury as to whether the skidding of the vehicle and subsequent injuries to plaintiff passenger were caused by negligence.

APPEAL by defendant from *McKinnon, J.,* February, 1963 Regular Civil Session, ALAMANCE Superior Court.

The plaintiff, a guest passenger in defendant's Austin-Healy automobile, instituted this civil action to recover damages for personal injury sustained as a result of an automobile accident allegedly caused by defendant's negligence. The accident occurred about 2:30 in the afternoon of August 31, 1961, on Highway No. 29, a few miles north of Greensboro. The hard surface of the highway was wet from a slight drizzle. However, for a considerable distance both north and south of the point of the accident the road was straight and reasonably level.

The adverse examination of the defendant was placed in evidence by the plaintiff. She testified, (speed) "I would say about 52 miles per hour, . . . I glanced up and way ahead of me, it happened like this (indicates) I thought I saw somebody pull out and back in—I had passed the vehicle . . . and I was back in my lane of travel and I glanced at my register to see my speed and I glanced up, back on the road, and I thought I saw someone pull out of the lane of travel and

that is when my car skidded and I don't remember anything else. When I thought I saw someone pull out of the lane of travel it was approaching me. At that time I do not know what I did to my car. I do not recall. No sir, I do not know whether at that time I turned the car or put on brakes or what I did. All I know is that the car began to skid and then it overturned. . . . I told Officer Miller that it had started to rain and I told him truthfully that I had two beers as I have told you. I told him that I did not think it materially affected my driving. Yes I had a handbag in the car with me at the time of the accident. It was a large handbag. Yes, there was a bottle of gin or some clear colored alcoholic beverage in that handbag. I don't remember whether it was gin, vodka, or what. I think it was vodka. I had not had anything to drink out of that bottle that morning. Yes, I think the seal had been broken on the bottle."

The defendant first told Officer Miller that Howdershelt was driving. Later she told him that she was driving at the time of the accident. "As to how she told me the accident happened, she said she was passing this automobile and as she was pulling back into her lane of traffic another vehicle started to pull out of some oncoming traffic and she didn't know exactly what she did do, she didn't know whether she put on brakes or drifted to the right or what she did, but she left the road and turned over, she does not remember what action she took to avoid this as she described it, the oncoming car."

According to the positive evidence of plaintiff's eyewitnesses to the accident, the defendant was not confronted with any approaching vehicle pulling out of its line of travel.

The court submitted issues of negligence and damages which the jury answered in favor of the plaintiff. From the judgment in accordance with the verdict, the defendant appealed.

*McLendon, Brim, Holderness & Brooks by L. P. McLendon, Jr., for plaintiff appellee.*

*Smith, Moore, Smith, Schell & Hunter by Richmond G. Bernhardt, Jr., for defendant appellant.*

HIGGINS, J.   The defendant, by Assignment of Error No. 1, presents the question whether the plaintiff's evidence was sufficient to survive the motion to dismiss. The defendant contends the evidence shows she was observing the speed limit; that in attempting to pass the way was clear for her to do so; but in moving the vehicle back to her side of the road after passing, the Austin-Healy skidded on the wet road surface; that the evidence is insufficient to permit an inference of driver negligence. She contends the skidding of the vehicle resulted from the con-

dition of the road and not from any fault on her part; hence not enough to go to the jury. *Fox v. Hollar*, 257 N.C. 65, 125 S.E. 2d 334; *Wise v. Lodge*, 247 N.C. 250, 100 S.E. 2d 677; *Clodfelter v. Wells*, 212 N.C. 823, 195 S.E. 11.

The evidence disclosed the road was wet and slippery. The vehicle skidded and wrecked. The plaintiff was injured. In addition, the evidence permits these inferences: The defendant had been drinking—beer by her own admission. In passing the vehicle in front, and with knowledge of the slippery condition of the road, nevertheless she drove near the maximum lawful speed. She thought she saw an approaching vehicle move out of line, causing her to cut more quickly and at a sharper angle to her right. On the wet road surface the vehicle skidded and wrecked, causing the injury. Evidence is positive that no vehicle approached out of line. The acceleration of the vehicle awakened the plaintiff who was asleep beside the driver. Actually, therefore, more appears than a skidding vehicle. The evidence was sufficient to go to the jury that driver negligence was a proximate cause of the accident and injury.

The evidence in this case falls in the category considered in *Durham v. Trucking Co.*, 247 N.C. 204, 100 S.E. 2d 348. "While the mere skidding of a motor vehicle does not imply negligence (*Mitchell v. Melts*, 220 N.C. 793, 18 S.E. 2d 406) nevertheless, skidding may be caused or accompanied by negligence on which liability may be predicated. Accordingly, skidding may form the basis of a recovery where it results from some fault of the operator amounting to negligence on his part." (citing many cases).

Defendant's Assignment of Error No. 1 is not sustained.

We have examined the other assignments relating to the admissibility of evidence and to the judge's charge. The case appears to have been tried in accord with the authoritative cases decided by this Court. The other assignments likewise are not sustained by the record.

No error.