JO NITA G. HARDEE v. CHARLES WORTH YORK.

(Filed 12 June 1964.)

**1. Appeal and Error § 42—**
  An instruction omitting the element of foreseeability in charging upon proximate cause cannot be prejudicial to plaintiff.

**2. Trial § 34—**
  The charge of the court that the burden is upon plaintiff to satisfy the jury by the greater weight of the evidence of the affirmative of the issues will not be held for error in failing to define "greater weight of the evidence" in the absence of a special request.

**3. Trial § 34—**
  While pretrial instruction to the jury is contrary to the usual practice in this jurisdiction, pretrial instructions will not be held prejudicial when they are correct and do not charge upon an abstract principle of law not presented by the evidence.

**4. Automobiles § 13—**
  While the mere skidding of a vehicle does not imply negligence, liability may attach if the skidding is the result of fault on the part of the driver, as where a motorist fails to exercise the care of a reasonably prudent person in the presence of ice and snow and the skidding results from the failure to exercise such care.

**5. Negligence § 1—**
  Whether an act or ommission constitutes negligence is to be judged by the circumstances existing at the time.

**6. Trial § 33—**
  Where the court, in applying the law to the facts with reference to the presence of ice and snow, instructs the jury to the effect that plaintiff had the burden of making out her case "regardless of" the existence of the ice and snow, such instruction must be held for prejudicial error notwithstanding a later correct instruction that the existence of the ice and snow was a circumstance to be considered in determining what care a reasonably prudent person would have exercised under similar circumstances, since it cannot be ascertained which of the conflicting instructions on the material point was followed by the jury.

APPEAL by plaintiff from *Brock, S. J.,* December 1963 Session of RANDOLPH.

This is an action to recover damages for personal injuries sustained by plaintiff when the car she was operating was struck in the rear by a car owned and operated by defendant.

The collision occurred about 12:15 P.M. on Sunday, 29 January 1961, on Sunset Avenue in the city of Asheboro. Sunset Avenue is a main business street of the city, is 46 feet wide, runs in an east-west direction, has space for parking on both sides and one lane for eastbound, and one for westbound, traffic. Plaintiff was driving east on Sunset Avenue approaching the Fayetteville Street intersection which is controlled by a traffic light. There were vehicles ahead of her which had stopped in obedience to the traffic light. She stopped to allow a parked vehicle to enter the lane. A few seconds later defendant ran into the rear of her car and knocked it forward about a car's length.

Plaintiff alleges that the collision was proximately caused by the negligence of defendant in that, among other things, he operated his car at a speed greater than was reasonable and prudent under existing circumstances, failed to keep a reasonable lookout, and neglected to maintain proper control of his car. Defendant denies that he was negligent and asserts that the accident was unavoidable.

It had snowed in Asheboro about two days before the accident. The lane of Sunset Avenue for westbound traffic, which was not shaded by buildings, was relatively free of snow and ice. The evidence is conflicting as to the condition of the eastbound lane at the time of the accident. Plaintiff alleges that "There was some ice on the street in scattered patches on this occasion." Defendant alleges that "There was extensive ice on the street in the area of the collision." The evidence of neither of the parties is consistent on this point.

Plaintiff's evidence (several witnesses): The roads were icy in spots. The biggest portion of the ice and snow had gotten off at that time. The south side of Sunset Avenue was shaded by buildings; it did have certain icy spots. It had some snow and soft slush but wasn't frozen hard. The street was slippery, but plaintiff didn't "hit any slippery spots." It was not completely covered with ice. There was ice on the curb; there wasn't any in the middle of the street.

Defendant's evidence (several witnesses): A good portion of the eastbound lane of traffic had ice, more dense toward the curb. There was ice in spots toward the center of the highway. In the vicinity of the accident there was solid ice in the lane all of the way down, a sheet of ice frozen over all the way. Defendant testified that he saw the plaintiff's car and applied his brakes about five car lengths away, his car kept going, despite his efforts the car continued forward, and there were ruts in the ice and he couldn't get out of the ruts.

There was evidence on behalf of plaintiff that when defendant's car was approaching it was observed for a distance of 210 feet and the speed was 25 to 30 miles per hour, and when it was last seen by the witness it was 138 feet from plaintiff's car and was proceeding at the same speed. Defendant testified that his speed was 10 or 12 miles per hour.

The court submitted two issues — negligence and damages. The jury found that plaintiff was not injured by the negligence of defendant. Accordingly, judgment was entered decreeing that plaintiff recover nothing.

*Miller and Beck for plaintiff appellant.*
*Smith, Moore, Smith, Schell & Hunter and Richmond G. Bernhardt, Jr., for defendant appellee.*

MOORE, J. There are eleven assignments of error. We discuss some of these under two general headings.

— I —

After the jury was selected but before any evidence was introduced, the judge gave the jury certain preliminary instructions, apparently on the theory that the jurors were unfamiliar with court proceedings and that general instructions as to what to expect would be helpful to them in performing their duties. He explained to them that they were the sole triers of the ultimate facts, the order in which the trial would proceed, the presentation of evidence, cross-examination, arguments of counsel and the judge's charge. He cautioned them that his rulings on objections to evidence should not be considered as expressions of opinion. He defined burden of proof, greater weight of the evidence, negligence and proximate cause. Plaintiff contends that a pretrial charge is, as a matter of procedure, erroneous for that it amounts to a declaration of legal principles in the abstract. Plaintiff further contends that there was prejudicial error in two specific aspects of the preliminary instructions. First, there is a variance between the definition of proximate cause given in the preliminary instruction and that given in the charge proper, in that in the former there is no mention of foreseeability as an element of proximate cause, but there is in the latter. Second, the judge defined "burden of proof" and "greater weight of the evidence" in the pretrial charge, but not in the charge proper, and in the latter charge the judge said: "Now, if there is any member of the jury who would like for me to explain again what is meant by the burden of proof and greater weight of the evidence, if you will in-

dicate it by raising your hand I will be glad to do it. Since no one has indicated, I understand that you all understand what is meant by those terms."

If the court erred in the specific instances mentioned, the errors were not prejudicial to plaintiff. (1) If, from the preliminary instruction, the definition of proximate cause was construed by the jury as permitting them to predicate a verdict upon a finding that defendant's negligence proximately caused the accident, even though the accident and injury were not reasonably foreseeable, the error was in plaintiff's favor, placed upon her a lighter burden and was therefore not prejudicial. (2) In the charge proper the court said: "Now the burden of proof is upon the plaintiff on both of those questions (issues), that is, the burden of satisfying you by the greater weight of the evidence that those questions should be answered in her favor." This was sufficient. The burden of proof is a substantial right, and the failure of the charge to properly place the burden of proof is reversible error. *Tippite v. R. R.*, 234 N.C. 641, 68 S.E. 2d 285; *Crain v. Hutchins*, 226 N.C. 642, 39 S.E. 2d 831; *Haywood v. Insurance Co.*, 218 N.C. 736, 12 S.E. 2d 221. But when the court correctly places the burden of proof and states the proper intensity of the proof required, the court is not required to define the term "greater weight of the evidence" in the absence of a prayer for special instructions. *Bank v. Slaughter*, 250 N.C. 355, 108 S.E. 2d 594; *Arnold v. Trust Co.*, 218 N.C. 433, 11 S.E. 2d 307; *Wilson v. Casualty Co.*, 210 N.C. 585, 188 S.E. 102. Here the charge proper placed the burden of proof on the plaintiff, stated the intensity of the proof required, and there was no request for further definition of the term "greater weight of the evidence."

After careful search we have been unable to find any statute or judicial decision, and none has been called to our attention, which either authorizes or prohibits a pretrial charge. It is clearly contrary to the usual practice in this jurisdiction. However, we take note of the fact that some years ago booklets were prepared and in some of the trial courts distributed to jurors called for service, explaining in a general way the functions and duties of jurors. Whether this practice has continued we have no information. We neither condemn nor approve pretrial charges. If prejudicial error results, the offended party may take advantage thereof on appeal. The duty of a trial judge with respect to instructions to jurors is that "he shall declare and explain the law *arising on the evidence.*" G.S. 1-180. Declaration of legal principles in anticipation that they will arise on the evidence may conceivably lead to serious error. It is error to charge on an abstract principle of law not supported by the evidence. *Dunlap v. Lee*, 257 N.C. 447, 450, 126

S.E. 2d 62; *McGinnis v. Robinson*, 252 N.C. 574, 114 S.E. 2d 365. We are of the opinion, however, that trial judges should have the utmost freedom of action in conducting trials so long as litigants are not prejudiced, positive rules of procedure are not violated, and no injustice is done.

— II —

Plaintiff excepts to the following portion of the charge proper:

"Now, there has been a conflict in the evidence as to whether or not there was ice on the street at the time of the accident in question; so with respect to this aspect of the case, the Court instructs you that if you find from all the evidence that the area of the street upon which the defendant was traveling had ice upon its surface sufficient to cause uncontrolled skidding, it would be your duty to determine in your minds whether or not the plaintiff has satisfied you by the greater weight of the evidence that the defendant was negligent in one or more of the respects (speed, lookout, control) I have already listed for you for your consideration. If you find that the plaintiff has carried this burden and that you find that the defendant was negligent in one of those respects, and further that such negligence was a proximate cause of the accident and without which the accident would not have occurred, *regardless of the existence of the ice,* then it would be your duty to answer this first issue Yes. However, if the plaintiff has failed in her burden of establishing either negligence or proximate cause, or both, then it would be your duty to answer the first issue No. Or, if you are satisfied from all the evidence that the icy condition of the street was the sole cause of the accident, then it would be your duty to answer the first issue No." (Parentheses and italics added).

Here the court is applying the law to the facts with special reference to the presence of ice and snow on the street. The use of the expression, "regardless of the existence of ice," renders the instruction erroneous. According to Webster's Third International Dictionary, "regardless of" means "without taking into account; in spite of." Thus the effect of the instruction is: If there was ice "sufficient to cause uncontrolled skidding," before plaintiff will be entitled to an affirmative answer to the negligence issue, she must satisfy the jury by the greater weight of the evidence that defendant was negligent as to speed, lookout or control, and that such negligence was a proximate cause of the accident, *"without taking into account"* the existence of the ice. This re-

quires plaintiff to prove her cause as if there was no ice, even if there was ice. An act or omission of a motorist which would not be negligent in the absence of the ice on the highway, might well be so if ice were present. And negligence which would be harmless on a clear, dry highway might well be the proximate cause of injury on an icy highway. An actor's act or omission is to be judged by the circumstances under which it occurs.

The mere skidding of a motor vehicle is not evidence of, and does not imply, negligence. *Howdershelt v. Handy,* 261 N.C. 164, 134 S.E. 2d 175; *Mitchell v. Melts,* 220 N.C. 793, 18 S.E. 2d 406. The skidding of a motor vehicle while in operation may or may not be due to the fault of the driver. *Fox v. Hollar,* 257 N.C. 65, 125 S.E. 2d 334; *Clodfelter v. Wells,* 212 N.C. 823, 195 S.E. 11. Skidding may be caused or accompanied by negligence on which liability may be predicated. Accordingly, skidding may form the basis of a recovery where it and the resulting damage is caused from some fault of the operator amounting to negligence on his part. *Redden v. Bynum,* 256 N.C. 351, 123 S.E. 2d 734; *Durham v. Trucking Company,* 247 N.C. 204, 100 S.E. 2d 348. When the condition of the road is such that skidding may be reasonably anticipated, the driver of a vehicle must exercise care commensurate with the danger, to keep the vehicle under control so as not to cause injury to another automobile, or an occupant thereof, on the highway by skidding into it. And the skidding of an automobile may be evidence of negligence, if it appears that it was caused by a failure to exercise reasonable precaution to avoid it, when the condition at the time made such result probable in the absence of such precaution. *Wise v. Lodge,* 247 N.C. 250, 100 S.E. 2d 677. An unavoidable accident, as understood in the law of torts, can occur only in the absence of causal negligence. *Baxley v. Cavenaugh,* 243 N.C. 677, 92 S.E. 2d 68.

The judge undertook to declare these principles immediately following the challenged instruction by saying: "Now, members of the jury, the fact of a collision, without more, is not in itself evidence of negligence. Also, the skidding of an automobile is not in itself, and without more, evidence of negligence. However, the driver of an automobile on a public street must at all times exercise care commensurate with all of the surrounding circumstances, and if there is ice or snow on the street, that is a surrounding circumstance to be considered in determining what care a reasonably prudent man would exercise under the same or similar circumstances." This is, of course, a correct statement of law. But it does not render harmless the error pointed out above for the reason that the challenged instruction is in direct conflict with this instruction and opposite in effect. "Conflicting instructions upon a ma-

terial aspect of the case must be held for prejudicial error, since it cannot be known which instruction was followed by the jury." 4 Strong: N. C. Index, Trial, § 33, p. 334.

New trial.