RICHARD CLARK, BY HIS NEXT FRIEND, ROBERT CLARK v. DORSEY ARTHUR JACKSON, JR.

No. 6911SC82

(Filed 2 April 1969)

**Automobiles § 60— skidding on ice at intersection — negligence**

In an action for personal injuries sustained by plaintiff guest passenger when defendant's automobile skidded on ice through an intersection and went down an embankment, evidence that there was some snow or sleet on shaded spots and shoulders of the highway, that immediately prior to the accident defendant was driving at a speed of 60 m. p. h. in a 55 m. p. h. zone, and that when defendant applied the brakes the automobile hit a patch of ice and skidded through the intersection *is held* sufficient to be submitted to the jury on the issue of defendant's negligence in failing to exercise due care in view of prevailing road conditions and in driving at a speed that was excessive and which was greater than was reasonable and prudent under the conditions then prevailing.

APPEAL by plaintiff from *Canaday, J.,* at the 9 September 1968 Civil Session of HARNETT Superior Court.

Plaintiff filed his complaint 18 September 1962 alleging that defendant was negligent in the operation of the automobile driven by him on 5 February 1961, and in which plaintiff was riding as a guest passenger, in that defendant failed to decrease speed when approaching an intersection, operated at an excessive speed, failed to keep a proper lookout and failed to keep the automobile under proper control.

At the close of plaintiff's evidence, the court granted defendant's motion for judgment as of nonsuit. Plaintiff appeals from this ruling.

*Robert H. Jones by C. McFarland Hunter for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay by Bob W. Bowers for defendant appellee.*

BRITT, J.

The only question presented by this appeal is whether plaintiff offered sufficient evidence of defendant's negligence to require submission of the case to the jury. We hold that he did.

Defendant relies heavily on *Webb v. Clark,* 264 N.C. 474, 141 S.E. 2d 880. He contends that plaintiff's own evidence discloses that the cause of the accident was not speed on the part of defendant but the fact that defendant's vehicle suddenly and without notice came upon ice which made it impossible for defendant to stop. In his brief, defendant argues that he had no notice of, or reason to suspect the

presence of, ice on the highway at the intersection and that the presence of such ice was an independent agency which solely and proximately produced the accident with resulting injury to plaintiff.

Plaintiff's evidence, when considered in the light most favorable to him, as we are bound to do, tended to show: Plaintiff, defendant and three others, with defendant driving, embarked from plaintiff's home around 10:00 p.m. on a Sunday night to go to Angier. They traveled south on Rural Paved Road 1446 toward its intersection with Rural Paved Road 1441, at which point 1446 terminated in a "T" intersection rendering it necessary for travelers on 1446 to make a right-angle turn either to the right or left. As they proceeded, they went over a hill and then a downgrade toward the intersection which was 600 to 900 feet from the crest of the hill. There was a stop sign on R.P.R. 1446. It had snowed or sleeted during the weekend, and although most of the snow or sleet had melted, some remained on shaded spots of R.P.R. 1446 and also on its shoulders. As defendant crested the hill, he was driving approximately 60 mph and began applying his brakes. Plaintiff testified that as defendant "topped over the hill he applied his brakes but it didn't do any good. He just kept going * * *." Defendant's car hit a patch of ice and went into a skid, entering the left lane of travel as he approached the intersection. The car skidded through the intersection, down an embankment on the other side, and came to rest with the front end in a creek flowing under R.P.R. 1441 and the rear end resting on a culvert. Plaintiff sustained substantial injuries.

It is true that the Supreme Court held in *Webb v. Clark, supra,* that the mere skidding of a motor vehicle is not evidence of, and does not imply, negligence; it also held that "[w]hen the condition of a road is such that skidding may be reasonably anticipated, the driver of a vehicle must exercise care commensurate with the danger, to keep the vehicle under control so as to avoid injury to occupants of the vehicle and others on or off the highway." In *Webb,* the defendant was traveling at a speed of not more than 35 mph and that fact alone is sufficient to distinguish the case from the case before us in which the evidence showed that defendant was driving 60 mph in a 55 mph maximum speed zone immediately prior to the accident.

In *Wise v. Lodge,* 247 N.C. 250, 100 S.E. 2d 677, in an opinion by Parker, J. (now C.J.), we find the following:

"G.S. 20-141 establishes the maximum speed at which motor vehicles are permitted to travel lawfully on the highways of the State, in a business district, in a residential district, and in other places. Section (a) of this statute provides 'no person shall

CLARK v. JACKSON

drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing.' Section (c) of the same statute reads: 'The fact that the speed of a vehicle is lower than the foregoing limits shall not relieve the driver from the duty to decrease speed . . . when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway, and to avoid causing injury to any person or property either on or off the highway, in compliance with legal requirements and the duty of all persons to use due care.'

\*        \*        \*

The skidding of an automobile is not in itself, and without more, evidence of negligence. *Coach Co. v. Burrell,* 241 N.C. 432, 85 S.E. 2d 688; *Mitchell v. Melts,* 220 N.C. 793, 18 S.E. 2d 406; *Springs v. Doll,* 197 N.C. 240, 148 S.E. 251.

But the skidding of an automobile may be evidence of negligence, if it appears that it was caused by a failure to exercise reasonable precaution to avoid it, when the conditions at the time made such a result probable in the absence of such precaution. [Citing authorities.]"

See also *Saunders v. Warren,* 264 N.C. 200, 141 S.E. 2d 308; *Hardee v. York,* 262 N.C. 237, 136 S.E. 2d 582; and *Durham v. Trucking Co.,* 247 N.C. 204, 100 S.E. 2d 348.

When considered in the light most favorable to him, plaintiff's evidence permits the legitimate inference that the skidding of defendant's automobile was caused by his failure to exercise due care in view of the prevailing conditions of the road and in driving at a speed that was excessive and which was greater than was reasonable and prudent under the conditions then existing.

We hold that the evidence presented a case for the jury and the judgment of nonsuit is

Reversed.

CAMPBELL and MORRIS, JJ., concur.