JOE LEWIS v. JAMES MALCOLM PIGGOTT AND HARRIETT
PIGGOTT

No. 7213SC715

(Filed 25 October 1972)

1. **Automobiles § 44— automobile leaving road — applicability of res ipsa loquitur**

    If an automobile skids off the roadway for no apparent cause, the doctrine of *res ipsa loquitur* will apply to make out a *prima facie* showing of driver negligence; the doctrine of *res ipsa loquitur* will not apply, however, when the cause of the accident is shown.

2. **Automobiles § 44— automobile leaving road — wet spot in road — inapplicability of res ipsa loquitur**

    The doctrine of *res ipsa loquitur* was inapplicable in an action by a passenger to recover for injuries received in a one-car accident where there was evidence that the car left the road when it struck a wet spot in the road, and a verdict was properly directed for defendant where plaintiff's evidence was insufficient to show negligence on the part of the driver of the car.

3. **Rules of Civil Procedure § 41— denial of motion for dismissal without prejudice**

    In an action to recover for personal injuries received in an automobile accident, the trial court did not err in the denial of plaintiff's motion for dismissal without prejudice under Rule 41(a)(2) made after plaintiff rested his case and the trial court indicated its intent to grant defendant's motion for directed verdict under Rule 50.

APPEAL by plaintiff from *Godwin, Special Judge,* 22 May 1972 Session of COLUMBUS Superior Court.

This is a civil action to recover for personal injuries sustained in a one-car accident while plaintiff was a passenger in an automobile owned by feme defendant and driven by her son, James, under circumstances making the mother, owner, responsible. Plaintiff's evidence showed that he spent the evening riding around with defendant in the automobile. Plaintiff was married to James' sister. The plaintiff and James were the only occupants of the automobile. James was driving the plaintiff home about midnight on a paved rural highway. The car hit a place where some water was running across the road. When he hit that spot, the car went to the right of the road and then crossed the road hitting a tree on the left side. A directed verdict, with prejudice, was entered, and the motion of plaintiff for a voluntary dismissal, without prejudice, was denied.

*R. C. Soles, Jr., for plaintiff appellant.*

*Williamson & Walton by Benton H. Walton III for defendant appellees.*

CAMPBELL, Judge.

It has been held in North Carolina that the skidding of a vehicle does not itself constitute negligence of the driver. The skidding, however, may be the basis of liability for injury if it is caused by the negligence of the driver. In *Clodfelter v. Wells,* 212 N.C. 823, 195 S.E. 11 (1938) it was held that since skidding alone is not evidence of negligence, the doctrine of *res ipsa loquitur* cannot apply to a skidding case in order to infer driver negligence from the mere fact of skidding. This case, however, and the case of *Springs v. Doll,* 197 N.C. 240, 148 S.E. 251 (1929), upon which *Clodfelter* relied, held against the application of *res ipsa loquitur* on the facts rather than as a general legal principle; *res ipsa* does not apply to the skidding of an automobile when all facts causing the accident are known and testified to by the witnesses at the trial.

[1] In the case of *Greene v. Nichols,* 274 N.C. 18, 161 S.E. 2d 521 (1968), the North Carolina Supreme Court held that when a motor vehicle leaves the highway *for no apparent cause* the doctrine of *res ipsa loquitur* will apply to make out a prima facie showing of driver negligence. The *Greene* case cited *Springs v. Doll* without any comment on the conclusion in *Springs* that *res ipsa* does not apply to a skidding automobile. To the extent, therefore, that the cause of an accident is shown, the *Clodfelter* and *Springs* cases are still valid law. However, if an automobile skids off the roadway *for no apparent cause,* the *Greene* rule infers prima facie negligence from the occurrence, and the *Clodfelter* decision would not be controlling.

Under *Greene* and related cases, the inference of negligence does not arise from the mere fact of injury; it arises from the manner in which it occurred. When there is no apparent reason for the manner in which it occurred, driver negligence may be inferred. Although no presumption of negligence arises from the mere fact there has been an accident and injury, if the evidence construed in the light most favorable to the party with the burden of proof is sufficient to make out a prima facie case of actionable negligence, a motion for a directed verdict (formerly nonsuit) should be denied and the issue submitted to

the jury. Direct evidence of negligence is not required (due to application of *res ipsa loquitur*); it may be inferred from the attendant facts and circumstances when a motor vehicle leaves the highway for no apparent reason. Here the reason was known and testified to by the plaintiff.

The facts in the instant case show that the defendant was driving on a clear night on a rural paved road at a speed estimated by the plaintiff to be about "30 or 25" miles per hour—within the maximum speed limit. It had not rained that night or during the day; the visibility was good. Defendant had not been drinking, and there was no evidence of automobile defect. In fact, the plaintiff himself testified that, "[t]here wasn't exactly anything wrong with his [defendant's] driving." Plaintiff saw a "wet spot in the road," and upon running over the "wet spot," the car went to the right of the road and then to the left of the road, where it hit a tree.

[2] *Res ipsa loquitur* cannot apply in this case. The cause of the accident was testified to be water in the road which caused the car to skid. An inference of driver negligence cannot be made from an accident when the plaintiff's own testimony is that there was nothing wrong with the defendant's driving.

*Res ipsa loquitur* not being applicable in this case, it is necessary for the plaintiff to plead and prove facts which constitute negligence. The plaintiff's evidence does not show that the defendant was operating the automobile improperly or that there existed a situation in the roadway which he should have seen, and which constituted a threat of foreseeable harm. The plaintiff failed in his proof.

[3] Plaintiff also assigned as error the failure of the trial court to grant his motion for dismissal without prejudice under Rule 41(a)(2), which motion was made after plaintiff rested his case and after the trial court indicated its intent to grant defendant's motion for directed verdict under Rule 50. A dismissal under Rule 41(a)(2) is granted or denied solely within the discretion of the trial judge and may be conditionally granted or granted upon such terms as justice requires. *King v. Lee*, 279 N.C. 100, 181 S.E. 2d 400 (1971); *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971); *Kelly v. Harvester Co.*,

278 N.C. 153, 179 S.E. 2d 396 (1971). The plaintiff shows no abuse of discretion by the trial judge, and we find no merit in this assignment of error.

No error.

Judges MORRIS and PARKER concur.