193 S.E.2d 432 (1972)
16 N.C. App. 724
STATE of North Carolina ex rel. COMMISSIONER OF INSURANCE and the North Carolina Fire Insurance Rating Bureau
v.
STATE of North Carolina ex rel. ATTORNEY GENERAL.
No. 7210INS653.
Court of Appeals of North Carolina.
December 20, 1972.
*433 Atty. Gen. Robert Morgan, by Associate Atty. Benjamin H. Baxter, Jr., Raleigh, for appellant intervenor.
Joyner & Howison, by Walton K. Joyner, Raleigh, for North Carolina Fire Ins. Rating Bureau, appellee.
Hugh R. Owen, Department Staff Attorney, Raleigh, for North Carolina Department of Insurance, appellee.
MORRIS, Judge.
Intervenor poses as his first question for consideration the following: "Did the Commissioner of Insurance err in failing to make findings of fact necessary to support the determination that the present rates are inadequate because they are not producing a fair and reasonable profit to the companies writing automobile physical damage insurance in North Carolina?"
Among the facts found by the Commissioner is the following:
"7. The Bureau included in its expense figures a figure of 5% of earned premiums *434 for underwriting profit and contingencies. This percentage figure has been accepted in North Carolina and generally throughout the United States in automobile physical damage insurance rate making for approximately twenty to thirty years."
Among the conclusions of the Commissioner is the following:
"3. Petitioner has reasonably anticipated the loss experience for the future, has reasonably anticipated operating expenses for the future and is entitled to anticipate a fair and reasonable underwriting profit of 5% of earned premiums."
The Fire Insurance Rating Bureau was created by Article 13 of Chapter 58, Insurance, General Statutes of North Carolina. Section 58-131.2 of that article provides:
"Reduction or increase of rates.The Commissioner is hereby empowered to investigate at any time the necessity for a reduction or increase in rates. If upon such investigation it appears that the rates charged are producing a profit in excess of what is fair and reasonable, he shall order such reduction of rates as will produce a fair and reasonable profit only.
If upon such investigation it appears that the rates charged are inadequate and are not producing a profit which is fair and reasonable, he shall order such increase of rates as will produce a fair and reasonable profit.
In determining the necessity for an adjustment of rates, the Commissioner shall give consideration to all reasonable and related factors, to the conflagration and catastrophe hazard, both within and without the State, to the past and prospective loss experience, including the loss trend at the time the investigation is being made, and in the case of fire insurance rates, to the experience of the fire insurance business during a period of not less than five years next preceding the year in which the review is made.. . ."
In In re Filing by Fire Insurance Rating Bureau, 275 N.C. 15, 165 S.E.2d 207 (1969), the filing was made pursuant to the same statutory provisions as are applicable here. We think that case is controlling here. We are not inadvertent to In re Filing by Automobile Rate Office, 278 N. C. 302, 180 S.E.2d 155 (1971). We are, however, in accord with State of North Carolina ex rel. Commissioner of Insurance v. State of North Carolina ex rel. Attorney General, 16 N.C.App. 395, 192 S.E. 2d 138 (filed 25 October 1972), in its conclusion that the question of whether there were sufficient findings of fact to support the Commissioner's conclusions and decision was not properly before the court in that case. That question was, however, before the court in In re Filing by Fire Insurance Rating Bureau, supra. There, Justice Lake, writing for a unanimous Court, stated 275 N.C. at pp. 39-40, 165 S.E.2d at p. 224:
"The ultimate question to be determined by the Commissioner is whether an increase in premium rates is necessary in order to yield a `fair and reasonable profit' in the immediate future (i. e., treating the Bureau as if it were an operating company whose experience in the past is the composite of the experiences of all the operating companies), and, if so, how much increase is required for that purpose. This cannot be determined without specific findings of fact, upon substantial evidence, as to (1) the reasonably anticipated loss experience during the life of the policies to be issued in the near future, (2) the reasonably anticipated operating expenses in the same period, and (3) the percent of Earned Premiums which will constitute a `fair and reasonable profit' in that period." (Citation omitted.)
As was pointed out by Justice Lake in Rating Bureau, supra, the percentage *435 of "fair and reasonable" profit to which the Rating Bureau (treated as all companies operating in North Carolina) is entitled is a question of fact to be determined by the Commissioner upon evidence. A "fair and reasonable" profit varies from time to time. It is not a question of law, nor is it a question upon which the determination of the Bureau is conclusive, nor do we think a finding without more that the figure of 5% has been generally accepted in North Carolina and throughout the United States for some 20 years sufficient upon which to conclude that 5% is "fair and reasonable" at this time.
We, therefore, conclude that the holding of Rating Bureau, supra, requires that the decision of the Commissioner herein be vacated and the cause remanded to the Commissioner for further proceedings and findings of fact as required by Rating Bureau, supra.
Intervenor also urges that the Commissioner of Insurance committed reversible error in that he failed to consider investment income of the companies, rate of return to investors, the amount of capital used and useful, unrealized capital gains. We note that the 1969 Legislature added a provision to § 58-246 of Article 25 entitled "Regulation of Automobile Liability Insurance Rates". The added section [§ 58-246(5)] requires that:
"The bureau shall maintain and furnish to the Commissioner of Insurance on an annual basis the statistics on income derived by member companies from the investment of unearned premium reserves on automobile liability policies written in this State. Whenever the bureau has propounded a rate under this Article, it shall prepare a separate exhibit for the experience years in question showing the combined earnings realized from the investment of such unearned premium reserves on policies written in this State. The Commissioner may require further information as to such earnings and may require calculations of the bureau bearing on such earnings."
No such directive was incorporated into the statutes dealing with automobile physical damage rates. The statute applicable here, G.S. § 58-131.2, clearly requires the Commissioner to determine whether the rates charged are adequate to produce a fair and reasonable profit. This, it seems to us, refers to underwriting profit and does not include investment income. Neither does the statute require consideration of rate of return to investors, the value of property used and useful, nor unrealized capital gains. The Commissioner of Insurance in setting rates is not by statute directed to consider the same elements as is the Utilities Commission by G.S. § 62-133.
"G.S. 58-131.2 imposes upon the Commissioner the duty of fixing such rates as will produce `a fair and reasonable profit' and no more. In the statutory plan for the regulation of insurance premium rates, there is nothing comparable to the procedure prescribed by G.S. 62-133 for the fixing of rates by public utility companies for their services. The statutes conferring authority upon the Commissioner of Insurance, and directing his use of it, do not use the term `fair return on fair value' of the property devoted to the insurance business in North Carolina. Here, the direction is to prescribe rates which will yield a `reasonable profit.'" (Citation omitted.) In re Filing by Fire Ins. Rating Bureau, supra, p. 38, 165 S.E.2d p. 223.
Whether, under the statutory provisions governing this proceeding, the Commissioner would have committed error had he required evidence on the elements urged by intervenor is not before us. Suffice it to say that his failure to consider them does not constitute reversible error.
The remaining contentions argued by intervenor have been carefully considered and found to be without merit.
*436 For the reasons stated the decision appealed from is vacated and this cause remanded to the Commissioner of Insurance for further proceedings consistent with this opinion.
Remanded.
CAMPBELL and PARKER, JJ., concur.