EARL SAMUEL FARMER v. EARL DAVIS CHANEY AND WIFE, BETTY
BOWLIN CHANEY

No. 7519SC1041

(Filed 2 June 1976)

Automobiles § 60— water on highway — skidding — directed verdict for
driver proper

> In an action to recover for personal injury sustained by plaintiff
> while a passenger in an automobile owned and operated by defendants
> where the evidence tended to show that defendant hit a flow of water
> across the highway, lost control of his vehicle, and the vehicle skidded
> into the grass median and overturned, the trial court properly granted
> defendants' motion for directed verdict, since evidence was insufficient
> to show that defendant's speed was above the posted limit or was
> greater than reasonable and prudent under the existing conditions;
> it could not reasonably be inferred from the evidence that defendant
> failed to keep a reasonable lookout; the doctrine of *res ipsa loquitur*
> was inapplicable to the facts of this case; and the evidence was in-
> sufficient to make out a *prima facie* case of actionable negligence.

Judge HEDRICK dissenting.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered
17 September 1975, Superior Court, RANDOLPH County. Heard
in the Court of Appeals 8 April 1976.

Plaintiff seeks to recover for personal injury sustained
while a passenger in an automobile owned and operated by
defendants when the vehicle skidded into the grass median and
overturned.

At trial, Trooper Smith testified that he observed the acci-
dent which occurred about 9:30 p.m. during a heavy rain; that
there was a flow of water across the paved highway about
eighteen to twenty feet in width and about one-eighth inch
deep; his vehicle approached defendants' vehicle near the water
flow, both at a speed of 35 to 40 miles per hour; that he knew
the water flow was there because once before he had hit and
skidded through the flow, so he slowed down when he ap-
proached it; and that he saw defendants' car hit the water flow,
skid into the median and turn over. Trooper Smith went to the
overturned car, and defendant Earl Chaney told him he hit the
water flow and lost control.

At the close of plaintiff's evidence, the trial court granted
defendants' motion for directed verdict. Plaintiff appealed.

*Ottway Burton and Millicent Gibson for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter and William C. Raper for defendant appellees.*

CLARK, Judge.

The evidence is not sufficient to show that defendant-operator was violating any of the provisions of the speed statute, G.S. 20-141. His speed was 35 to 40 miles per hour, well under the maximum speed limit of 55 miles per hour; and it cannot be reasonably inferred that the speed was greater than reasonable and prudent under the existing conditions. Trooper Smith testified, without objection or motion to strike by plaintiff, that he considered the speed of 35 to 40 miles per hour to be a safe speed for the existing conditions.

Nor can it be reasonably inferred from the evidence that defendant-operator failed to keep a reasonable lookout. The water flow across the paved surface of the highway, about 18 to 20 feet wide, was a thin film about one-eighth inch deep. Without question, the heavy rain covered the highway surface with a film of water. Under the existing conditions the evidence, when considered in the light most favorable to plaintiff, does not disclose that defendant-operator was negligent in that he failed to see the water flow or that he should have seen it in time to avoid it. Trooper Smith saw the flow only because from his past experience of skidding through the water he knew its location.

That the operating defendant lost control of his vehicle when it entered the water flow and skidded is not in itself evidence of negligence in failing to maintain proper control. In *Clodfelter v. Wells,* 212 N.C. 823, 195 S.E. 11 (1938), the automobile driven by the defendant during a rain suddenly skidded off the road and overturned several times and injured the plaintiff, a passenger. The court affirmed the nonsuit, stating: " 'Skidding may occur without fault, and when it does occur it may likewise continue without fault for a considerable space and time. It means a partial or complete loss of control of the car under circumstances not necessarily implying negligence. Hence, plaintiff's claim that the doctrine of *res ipsa loquitur* applies to the present situation is not well founded.' " 212 N.C. at 828.

---

Farmer v. Chaney

---

In *Webb v. Clark,* 264 N.C. 474, 141 S.E. 2d 880 (1965), the defendant-driver was operating his vehicle at a speed of about 35 m.p.h., the maximum speed limit in that area. There were wet places on the highway that looked like ice or water in shady places. The court affirmed the judgment of nonsuit and stated, "Plaintiff's evidence does not show that the condition of Highway 103 in the area where the skidding began and occurred was such that skidding could be reasonably anticipated, and does not show that the speeding of the automobile was caused by any failure of defendant to keep a proper lookout and to exercise reasonable care and precaution to avoid it." 264 N.C. at 478-9.

In *Lewis v. Piggott,* 16 N.C. App. 395, 192 S.E. 2d 128 (1972), plaintiff was riding in a vehicle operated by the defendant about midnight when the car hit a place where some water was running across the road. The car skidded off the road and hit a tree. The court affirmed the directed verdict granted by the trial court. The court pointed out that when a motor vehicle leaves the highway for no apparent cause the doctrine of *res ipsa loquitur* will apply to make out a *prima facie* showing of negligence. However, this doctrine of *res ipsa loquitur* does not apply where the cause of the accident is shown, and that the cause of the skidding was shown to be water on the road. "An inference of driver negligence cannot be made from an accident when the plaintiff's own testimony is that there was nothing wrong with defendant's driving." 16 N.C. App. at 397.

Finally, construing the evidence in the light most favorable to the plaintiff, the evidence is not sufficient to make out a *prima facie* case of actionable negligence. The evidence does not disclose that the defendant-operator could have reasonably anticipated a water flow which would cause him to skid and lose control of his vehicle.

No error.

Chief Judge BROCK concurs.

Judge HEDRICK dissenting.

I am unable to put the same construction on the evidence as does the majority. Trooper Smith testified:

"As the headlights approached me it seemed as though the headlights pointed towards the median. At this time I saw

the water running down in my lane. I slowed down. I saw a vehicle hit the shoulder of the median . . . . "

"Well, I approached Mr. Chaney, and I have known him. I said, 'Earl, what happened?' He said, 'I hit the water.' He said, 'We were talking and the next thing I knew we were over here in the median.'

"Q. Did he make any statements about losing it?

"A. He stated, he said, 'I must have lost it when I hit this water.' "

When all the evidence is viewed in the light most favorable to the plaintiff, it is sufficient, in my opinion, to raise an inference that the defendant drove his automobile in heavy rain without keeping a proper lookout and without keeping the automobile under proper control, and that these omissions caused the automobile to skid and overturn, causing some injuries to the plaintiff. The stream of water 18 to 20 feet wide and 1/8 of an inch deep flowed across both lanes of the highway. Trooper Smith saw the water, slowed down, and passed safely through it. The defendant, on the other hand, either failed to see the water because he was not keeping a proper lookout and did not slow down and lost control of his vehicle, or he saw the water and did not slow down and lost control of the vehicle. In either event, plaintiff's evidence is sufficient to raise an inference that his injuries were the proximate result of the negligence of the defendant in the operation of the motor vehicle. These inferences were for the jury, not the Court, to resolve.

I vote to reverse the judgment directing a verdict for the defendant.